Gaston vs. Parsons.

GASTON vs. PARSONS.

1. A return of "*not found*," to a writ, does not authorise the inference, that the suit is abandoned by the plaintiff.

2. A plea in abatement, that a suit was pending for the identical cause of action, at the time of the issuance of the writ, is supported by the production of the record; and the replication to such a plea should present the issue of *nul tiel record.*

3. A writ, as part of the record, is proper and pertinent evidence to support such a plea, on an issue of *nul tiel record.*

4. A defendant is entitled to judgment *non pros,* where no replication is filed to his plea in abatement.

5. And a failure, on his part, to move for judgment of *non pros,* does not authorise the rendition of judgment against him.

Error to Wilcox County court.

Assumpsit on note.

In this case, Gaston was sued by Parsons in the County court of Wilcox county, and pleaded the pendency of another suit for the same cause of action, in abatement. No replication or issue appeared on the record. The judgment entry stated: "this day came came the parties, by their attorneys, and the plaintiff has leave to dismiss his suit in the Circuit court; and the defendant sayeth nothing further in bar or in preclusion of the plaintiff's right of action, but against the plaintiff leaves himself wholly undefended; it is therefore considered by the court, that the plaintiff recover of the defendant the sum of,"—then proceeding to assess the damages without the intervention of a jury. A bill of exceptions disclosed,

that when the cause came on for trial, the defendant of-
fered in evidence, a writ issued from the Circuit court,
apparently for the same cause of action, and offered to
prove that it had never been dismissed or discontinued;
but the court would not permit this evidence to be in-
troduced, and gave judgment in favor of the plaintiff.

The defendant below prosecuted his writ of error to
this court, and assigned for error, that the County court
erred—

1. In rendering judgment against him, without dis-
posing of his plea in abatement.

2. In not permitting the introduction of the evidence,
stated in the bill of exceptions.

*Proctor*, for plaintiff in error.

GOLDTHWAITE, J.—The judgment entry, unexplain-
ed, would induce the belief, that the defendant in the
court below withdrew his plea, and assented to the ren-
dition of a judgment for the amount of the note; but the
bill of exceptions satisfactorily shows, that the plea in
abatement was not withdrawn, or the defence abandon-
ed.    The defendant might have insisted on his right to
a judgment of *non pros*, for want of a replication to his
plea.    The omission so to do, did not place him in a de
fenceless condition, or authorise the court to render any
judgment against him; and the County court erred in
so doing.

If we were even to presume that the usual replication
to a plea of this description was filed, and that an issue
of *nul tiel record* had been presented to the court for its

determination, it would not better the condition of the defendant in error. The writ offered in evidence showed the commencement of a suit, apparently for the same cause of action, on the eighth day of May, eighteen hundred and thirty-seven. This was returnable to the Circuit court, to be held on the seventh Monday after the fourth Monday of March, eighteen hundred and thirty-seven; and the presumption is strong, if not conclusive, that the Circuit court was in session when the second writ was issued, on the nineteenth of May, eighteen hundred and thirty-seven, returnable to the County court, and the foundation of this suit. The first writ was not executed on the defendant, and the return is ' not found;' but this will not authorise us to infer an abandonment of the suit on the part of the plaintiff, even if that could avail him on the issue we have named.

The evidence offered was proper and pertinent to support the plea on an issue of *nul tiel record,* and ought not to have been rejected, if such was, in point of fact, the state of the record in the court below.

In either aspect of the case, there was error in the action of the County court; and its judgment is reversed, and the cause is remanded.