## WHEELOCK *versus* FITCH.

### QUESTION IN THIS CASE.

*As to the want of replication to a defendant's pleas.*

1. That a cause is submitted to a jury, and a verdict rendered for the plaintiff, on pleas of the defendant; without a replication to such pleas, is error.

This action was debt, in Tuskaloosa County Court, on a sealed note executed by the plaintiff in error. There were several pleas tendered by the defendant in the action, to none of which, however, was there a replication by the plaintiff. A judgment was rendered upon the verdict of a jury, in favor of the plaintiff, Fitch, upon this state of the pleadings; and Wheelock prosecuted his writ of error to this Court.

*Ellis & Peck*, for the plaintiff in error; *Martin*, for the defendant.

PER CURIAM.—The plaintiff, (who was defendant below,) pleaded several pleas, in short, as it is stated by consent, and one special plea at length, concluding with a verification—all of which are signed by his counsel only. At the foot of the pleas we find an entry in these words: "Demurrer in short, by consent, to all the pleas of the defendant." (Signed,) "Smith." The demurrer does not seem to have been noticed; nor was there any replication or issue to any of the pleas. It no where appears by the record,

that "Smith" was the plaintiff's attorney. The declaration is signed "Shortridge, P. Q."

Without determining whether the pleas in short, or the demurrer are so pleaded, as to have required the notice of the Court below, we are satisfied that the Court erred in trying the case bv a jury, without a replication to the defendant's plea.[a]

If the plaintiff in error had obtained a verdict, it would not have been competent for the defendant to object that there was no issue, because the failure to continue the pleadings, resulted from his neglect: and it is settled by this Court, in *Castleberry* vs. *Pearce*,[b] that a party omitting to plead, shall not avail himself of his omission, on error.

The judgment is reversed and the cause remanded.