ABERCROMBIE *vs.* MOSELY.

1. The custom of pleading the usual pleas, by merely naming them, has prevailed too long, and been sanctioned by too many decisions, to be now overturned.

2. [The case of Wheelock vs. Fitch, (3 Porter, 387,) was incorrectly ruled, and is not in accordance with the general course of dec .ons.]

3. The court is not the tribunal appointed by law to determine the weight of conflicting evidence,—it should in all cases, be left to the jury.

4. Where A receives the note of a third person, as collateral security for a debt due from B, and fails to collect the note, he may recover against B, on the original debt.

5. But the parties may stipulate, that the note shall be taken as payment of the debt, and when this is expressly agreed on, the original liability is completely discharged.

Error to Talladega Circuit court.

Assumpsit—tried before *A. Martin*, J.

This action is founded on a promissory note, signed by Z. B. Sims, James Abercrombie and Sylvanus Walker. The declaration is against Abercrombie alone, who pleaded two special pleas, the first of which alleges a payment by Sims, of the note sued on, before the commencement of the suit; the second alleges, that Sims delivered to the plaintiff, a certain draft, or order, drawn on one Maddox, for the payment of ——— dollars, which was accepted by the plaintiff, in full satisfaction and discharge of the note sued on. The plaintiff filed no replication to either of these pleas, but the case was tried, as on an issue

9 P                          19

joined, and a verdict returned, and judgment therein rendered for the plaintiff.

In the progress of the trial, a bill of exceptions was signed by the presiding judge, which discloses, that it appeared in proof, that a note for four hundred and seventy dollars, on certain persons residing in Tennessee, had been handed to Ransom Newsom, a son-in-law of the plaintiff, who gave a receipt therefor, by which he promised to collect the amount due, or return the note when called for. It was further proved by one Maddox, that sometime afterwards, in March, eighteen hundred and thirty-seven, the plaintiff came down from Tennessee to Sims' residence, and received from Sims, a written request or order to the witness, that he would pay the plaintiff one hundred and thirty dollars, and requesting that if he had not the money himself, he would borrow it from some other person : that this order or request was presented to the witness, who was unable to pay the amount. Maddox further stated, that the plaintiff, speaking in reference to this order, and the four hundred and seventy dollar note, on the person in Tennessee, said, *if he could get the one hundred and thirty dollars, it would satisfy his demand against the defendant, and he would get the rest of the money on the four hundred and seventy dollar note from his neighbors.* The plaintiff produced in evidence, the receipt of Newsom for the said note, and also the note on the persons in Tennessee. This was all the evidence, and on this the court charged the jury, if they believed the plaintiff had received the note for four hundred and seventy dollars, and the order for one hundred and thirty dollars, as collateral security to secure the payment of the

Abercrombie *vs.* Mosely.

note sued on, and they should believe the note had not been collected by the plaintiff, he was entitled to a recovery in this action. But if they should believe that the note was given to the plaintiff, and received by him, as a payment of the note upon the defendant, and they should believe the persons who gave the note were insolvent, and that the money could not be made out of them, notwithstanding the agreement by the plaintiff to receive them in payment of his debt, he might resort to the original consideration, and recover thereupon.

The defendant below prosecutes his writ of error, and here assigns—

1. That the court erred in trying the cause without replications to defendant's pleas;

2. That the court erred in charging the jury, as stated in the bill of exceptions.

*Chilton*, for plaintiff in error.

GOLDTHWAITE, J.—The first assignment of errors presents a question which deserves some consideration, and is not without its importance on the course of practice. It is obvious to all who have had any connection with business on the circuits, that pleas are frequently put in at the moment of trial, and when it is greatly inconvenient to members of the bar to reply specially. Hence has arisen, in a great measure, the custom which has obtained so extensively, of pleading the usual pleas by merely naming them. It is to be regretted, that this laxity of pleading was ever countenanced by the court, but it has prevailed too long, and been sanctioned by too

many decisions, to be now overturned. If the parties to a cause will consent to this course of pleading, perhaps no very evil consequences will flow from it. Another effect, however, of this hurried mode of pleading, is, that in many, perhaps the most, of cases, which are tried on the circuits, no regular issue is ever formed, unless insisted on by the counsel engaged in the cases. It is always within the power of the defendant or plaintiff, to require the pleadings to be in the regular form, and they can respectively claim judgments of *non pros.* or default, if the regular steps are omitted. With this right completely in their power on the circuit, it is unjust that parties should be permitted, after a trial, as if an issue was in fact made up, and submitted to the jury, to reverse the judgment for the want of a replication or rejoinder. Thus much would not have been said on this point, if it were not that this court, in the case of Wheelock vs. Fitch, (3 Porter, 387,) had sustained the precise exception taken by this assignment. We are now satisfied that case was incorrectly ruled, and that it is not in accordance with the general course of our decisions on similar questions, as we have always been actuated by the most earnest desire to divest the practice of the courts, of those technicalities which so often tend, when carried to extremes, to the prostration of justice.

The defendant, in this court, insists that there is no error in this case, even if it is admitted, that the charge of the court cannot be supported, as the evidence before the jury warranted no other finding than the one ascertained by the verdict.

It is true, the evidence is very unsatisfactory to induce

the conclusion, that the note and order were given by Sims, and accepted by Mosely, as an *absolute satisfaction* of his demand. There are many and strong circumstances in the case, as shewn by the evidence, to rebut any such conclusion, but we cannot say that some parts of the evidence are not sufficient, in point of law, unexplained and not contradicted by other parts, to authorise the inferen e, that the note was received under an agreement, that it should be in part satisfaction. Thus the witness, Maddox, states, that the plaintiff informed him, *if he could get the one hundred and thirty dollars from the witness, it would satisfy his demand against the defendant, and he would get the rest of the money on the four hundred and seventy dollar note, from his neighbors.* It is true, that when this declaration is weighed against the fact, that no receipt was taken, expressing the terms of the settlement, and the evidence of the original debt was retained by the plaintiff, that the presumption arising from this conversation is perhaps destroyed; yet the court is not the tribunal appointed by the law to determine the weight of evidence—it should, in all such cases be left to the jury to determine. We must, then, look into the charge, as given, and see if it can be supported.

It naturally is divided at two points; the first, that if the plaintiff received the notes and order as a collateral security, and they were not collected, he was entitled to a recovery in this action; the second, that if the note was given to the plaintiff, and received by him as a payment of the one due from the defendant, yet, if the persons from whom the money was due, were insolvent, and the money could not be made from them, then, notwith-

standing the agreement of the plaintiff to receive it in payment of his debt, he might resort to a suit on the original consideration, and recover thereon.

The first branch of this charge contains a proposition too clear to require any illustration to support it. It is the recognised and admitted doctrine of all the cases— (Chitty on Bills, 203, note 1—where all the American cases are collected.) The second proposition cannot be sustained to the extent laid down by the Circuit court. A bill of exchange, or promissory note, given for a precedent debt, is not a payment, unless it be *so expressly agreed* by the parties, but it is competent for the parties to stipulate, that it shall be so taken, and when this is expressly agreed on, the original note or liability is completely discharged. In the case of the New York State Bank vs. Fletcher, (5 Wend. 85,) it is said by Judge Marcy, "that negotiable paper is not payment of a pre-existing debt, unless it is expressly agreed to be accepted as such. I take the law to be, that it is payment, if expressly accepted as such, whatever be the grade of the pre-existing debt." So, also, in Davidson vs. the Borough of Bridgeport, (8 Conn. R. 472,) the converse of the rule is correctly stated, that the mere giving, for an antecedent debt, of a note or bill which turns out to be un*productive*, is not an extinguishment of such debt, in the absence of any *agreement* to receive it as payment.

In this case, the Circuit court directs the jury, that even if the note was *given and accepted as a payment*, notwithstanding such *agreement*, if the parties were insolvent, the plaintiff might resort to the original consideration, &c. This charge was not called for by the evi-

dence disclosed, and might have, and was sufficient to, mislead the jury, from the true question for their determination, that is, whether there was *any agreement whatever*, to accept the note and order, as a payment and satisfaction of the debt due to the plaintiff.

For the error of this charge, the judgment of the Circuit court is reversed and remanded.