### EVANS' ADMINISTRATOR v. STEEL.

1. When a note is dated in May 1837, and promises to pay a sum of money on the 1st day of January, *one thousand forty*, the intrinsic evidence afforded by the note is sufficient to determine, that the day of payment, is the 1st of January, 1840.

2. The plea of *non-claim within eighteen months*, pleaded to a suit brought within less than six months after the liability accrued, is a nullity.

3. The plea of the statute of limitations to a suit, brought within less than six months after the liability accrued, is a nullity.

Writ of error to the County Court of Wilcox County.

ACTION of assumpsit, against the administrator of Thomas Evans, on a note of his intestate, dated, May 18, 1837, payable on the first day of January, *one thousand forty*.

The declaration describes the note according to its terms, and avers, that it was intended to mean, one thousand eight hundred and forty.

Evans' Adm'r. v. Steel.

The defendant pleaded non-assumpsit, the statute of limitations, and non-claim. No replications were filed, but the case was tried by a jury, which was sworn to try the issue joined. A verdict was found, and judgment rendered for the plaintiff. A bill of exceptions was taken to the instructions of the Court; and this discloses, that the only evidence offered by the plaintiff to sustain his action, was the note described in the declaration.

The defendant requested the Court to instruct the jury, that this was insufficient to warrant a verdict for the plaintiff; and also, unless the plaintiff produced evidence to show that the words *eight hundred* were omitted by mistake in the first line of the note.

This the Court refused, but instructed the jury, if the intrinsic evidence appearing upon the note, shewed the mistake, and also, furnished data for its correction, then it was unnecessary to explain it by other evidence.

The charge given and refused, was excepted to, and the defendant now assigns as error—

1st. That the County Court erred in refusing to instruct the jury, that the evidence was insufficient.

2d. In refusing to instruct the jury, that evidence was necessary to explain it.

3d. Because the jury did not respond to all the defendant's pleas.

4th. Because the case was tried, without any replications to the pleas pleaded.

PROCTOR, for the plaintiff in error, argued, that the note, as written, does not show a mistake. Its language is clear and explicit, and is, therefore, not open to construction. Brown v. Gilman, 13 Mass. 161; Fitzhugh v. Runyon, 8 John. 292; 2 Starkie, 556.

The plea of the *statute of non-claim*, imposes on the plaintiff, the onus of shewing a demand of the note, from the administrator. [Evans v. Norris, Stoddard & Co., 1 Alabama Rep. 511.]

The case of Wheelock v. Fitch, 3 Porter, 387, is relied on, to sustain the 3d and 4th assignments of error.

No counsel appeared for the defendant.

GOLDTHWAITE, J.—1. This case will appear sufficiently clear, from a very brief examination. The note was due on the first day of January, 1840. The omission of the words eight hundred, must have taken place through accident, or by design; but, in either event, the legal construction of the note would be the same, The time of payment, when considered in connexion with the date, divests the note of any uncertainty, and it unquestionably means, what the jury have ascertained to be its meaning by their verdict. It was entirely unnecessary to submit this question to a jury, but the charge given them, contains a proper exposition of the law, as connected with the circumstances of this case.

2. The question raised as to the proof under the plea of *non-claim*, is of no importance. We can, with difficulty, believe counsel serious, when they urge, that this plea can affect a debt due in January, 1840, and suit brought on it in a less period than six months, after the accruing of the debt. Eighteen months must elapse, before there can be any pretence that the debt is barred. [Aikin's Digest, 153, s. 6.]

3. We may apply the same remark to the third and fourth assignments of error. No issue was necessary, for the pleas have no semblance of goodness, even if supposed to be drawn with the utmost precision and accuracy, instead of being interposed merely by name. The plaintiff was authorized to treat them as nullities, when applied to his declaration.

If, however, the pleas were good, the neglect to file replications, is not a matter which affects the regularity of the verdict, as decided in Abercrombie v. Moseley, 9 Porter, 145, over-ruling Wheelock v. Fitch.

Let the judgment be affirmed.