### C. W. REEP ET AL. v. S. A. E. LYMAN.

NOTE REFORMED WHEN MISTAKE CLEARLY APPEARS FROM INSPECTION WITHOUT FURTHER EVIDENCE, ETC.

Where it clearly and convincingly appears from an inspection of a note, payable in installments, that there was a mutual mistake in fixing the dates of the respective payments, the plaintiff is entitled to a reformation so as to express the true dates without showing the mistake other than by the note itself.

ERROR to Cuyahoga common pleas court.

Cuyahoga County.

**Miller & Linder,** for plaintiff in error:

The court erred in overruling the motion for a judgment at the conclusion of the plaintiff's testimony. *Stewart* v. *Gordon,* 60 Ohio St. 170 [53 N. E. Rep. 797]; *Northwestern Ohio Nat. Gas Co.* v. *Tiffin (City),* 59 Ohio St. 420 [54 N. E. Rep. 77].

A party seeking reformation of an instrument must show that he was without negligence in the matter. *Miller* v. *Railway,* 162 Mo. 424 [63 S. W. Rep. 85]; *Persinger* v. *Chapman,* 93 Va. 349 [25 S. E. Rep. 5]; 24 Am. & Eng. Enc. Law (2 ed.) 657.

In order to warrant reformation, an instrument must be based upon a consideration. *Mudd* v. *Dillon,* 166 Mo. 110 [65 S. W. Rep. 973]; *Willey* v. *Hodge,* 104 Wis. 81 [80 N. W. Rep. 75; 76 Am. St. Rep. 852]; 24 Am. & Eng. Enc. Law (2 ed.) 653.

**Laubscher & Kees,** for defendant in error.

**MARVIN, J.**

Suit was brought by Lyman against Thomas Reep, Alfred Reep, and C. W. Reep, the petition setting out that the defendants executed and delivered to him on January 4, 1898, a promissory note of which the following is a copy:

"$278.88.                    Cleveland, Ohio, January 4, 1898.

We, or either of us, for value received promise to pay to S. A. E. Lyman or order the sum of two hundred and seventy-eight, eighty-eight hundredths dollars, with interest from date above at 6 per cent per annum, payable as follows:

"Cash payments, fifty dollars January 4, 1899; fifty dollars January 4, 1890; fifty dollars January 4, 1891; fifty dollars January 4, 1892; fifty dollars January 4, 1893; twenty-eight and 88-100 January 4, 1894.

"THOMAS REEP,

"ALFRED REEP,

"C. W. REEP."

That by mutual mistake of all the parties to said note said dates were erroneously named in said note as "1890 for 1900, 1891 for 1901, 1892 for 1902, 1893 for 1903 and 1894 for 1904."

The petition shows that on said note the following payments had been made: January 28, 1899, $16.50 interest and $25 principal; February 15, 1899, $24.40 upon said principal; January, 1900, by credit for work, etc., the sum of $50, and on April 3, 1900, by credit for berries the sum of $50, and averring that there was still due upon the

note the sum of $152.08 with interest thereon at 6 per cent per annum from January 4, 1901.

The prayer of the petition is for a reformation of the note to express the true dates when said installments became due and payable, and that plaintiff have judgment for the amount still due upon the note.

The defendant, Thomas Reep, is in default, but the defendants, Alfred Reep and C. W. Reep, file a joint answer in which they say that:

"The note sued upon and set forth in the petition was one given to the plaintiff in payment of an obligation then due and payable and owing to the said plaintiff by the defendant, Thomas Reep; that neither of these answering defendants were in any wise indebted to said plaintiff and that neither signed said note as principal but as indorsers for the accommodation of said plaintiff, for which they received no consideration whatever."

To this answer the plaintiff replies, denying that the defendants, Alfred Reep and C. W. Reep, signed said note "for the accommodation of plaintiff, for which they received no consideration whatever."

With the pleadings in this situation the case went to trial. The plaintiff seemed to suppose that a burden rested upon him to show by means other than the note itself that the dates of payment set out in the note were so written by the mutual mistake of the parties thereto. We are inclined to think otherwise. We think an inspection of the note is clear and convincing evidence that there was a mistake in the fixing of the dates of payment, and hence the rulings made by the court upon the evidence offered by the plaintiff on that subject need not be considered, for without any of such evidence the court would have been justified in finding that such dates were written in the note by the mutual mistake of the parties.

The defendant, Charles Reep, went upon the stand and testified, among other things, that he and his brother, the defendant, Alfred Reep, signed the note as sureties for an indebtedness of their father, Thomas Reep, to Lyman. He testifies further that he knew that he was signing the note when he signed it; that his father asked him to sign it, and that he didn't read it. Only this evidence is referred to here because, as we look at the case, the other evidence offered did not bear upon the issues made. No effort was made to show that other payments were made upon the note than those credited in the petition. If the dates fixed for the payment by the terms of the note were so written by the mutual mistake of the parties and if from the note itself one can

Cuyahoga County.

determine the real dates intended to be fixed, the plaintiff was entitled to the reformation sought. Clearly that can be determined. No man with any experience in business would doubt for a moment that the dates were intended to be those stated in the petition. The times fixed for the payments, all except the first $50 were in the past, and it requires but a reading of the note to satisfy whoever reads it that a mistake of just ten years was made as to the time fixed for these payments. The first payment was to be made on January 4, 1899. That would be just one year after the making of the note. The other payments are one year apart, and as specified in the note, January 4, 1889 and so on each year including January 4, 1894. Who could read that and not know that it was intended to make that date which reads 1890 read 1900, and so on as to each of them.

In support of this we cite the case of *Evans* v. *Steel,* 2 Ala. 114. The case is directly in point. The note in suit was dated May 18, 1837, and by its terms was payable on January 1, 1040. The trial court was requested to charge the jury that unless the plaintiff produced evidence to show that the words, eight hundred, were omitted by mistake in the first line of the note, a verdict could not be returned for the plaintiff. This the court refused, and it was assigned as error. In the opinion of the Supreme Court the judgment of the court below was affirmed, and this language is used, page 116:

"The note was due on January 1, 1840. The omission of the words, eight hundred, must have taken place through accident or by design; but, in either event, the legal construction of the note would be the same. The time of payment, when considered in connection with the date, divests the note of any uncertainty, and it unquestionably means, what the jury have ascertained to be its meaning by their verdict. It was entirely unnecessary to submit this question to a jury, but the charge given them, contains a proper exposition of the law, as connected with the circumstances of this case."

Entertaining these views, the judgment of the court of common pleas is affirmed.

**Winch** and **Henry, JJ.,** concur.