McCollom & Capel v. Hogan, Executor of Reuben Jones.

1. When pleas appear in the record which are not disposed of, and the judgment entry recites that the defendants said nothing in bar or preclusion of the plaintiffs action, this is conclusive on error brought, that such pleas were waived.

2. If pleas are interposed at a proper period and the court notwithstanding proceeds to render judgment, the error should be disclosed by a bill of exceptions, or by a correct recital of the fact in the judgment entry.

Writ of error to the Circuit Court of Fayette County.

ACTION of assumpsit on a promissory note. In the transcript of the record, is found the following memorandum of pleas: " Want of consideration. Failure of consideration. Fraud." " Pleas by leave of the court at the spring term, 1839. (This was the trial term.) Non assumpsit. Payment. Set off. Want of consideration. Failure of consideration. That subsequent to the making of the note, to wit: on &c., at &c., the said plaintiff in consideration that the defendants would punctually pay the interest, &c., agreed in writing, to forbear and wait for payment of the said principal sum of money, five years from the date of said note, and this the said defendant is ready to verify, &c." No rejoinder is found in the record, nor is any notice taken of these pleas, but the judgment entry recites that " the plaintiff came by his attorney, and the defendants say nothing in bar or preclusion of this suit, whereby," &c. &c.

The error relied on is that judgment was rendered by *nil dicit*, when in fact a defence was made, but entirely disregarded by the circuit court.

W. Cochran, for the plaintiff in error.
Peck, contra.

GOLDTHWAITE, J.—The question presented in this case, is similar in principle to that decided by this court in Abercrom-

bie v. Mosely, (9 Porter 145.)    The only difference is, that in the case cited one issue was determined by the jury, whilst in this the pleas were wholly disregarded. We then stated the reasons which induced us to depart from some of the earlier decisions of this court on this matter of practice, and those reasons are equally forcible, whether applied to the state of the record in this or the other case.    It is not possible to conceive that any defence to this case existed in point of fact, unless the defendants below were guilty of the most inexcusable negligence. We must infer that this suit was called as other suits, and that the defendants either were not present in person or by attorney; or if present, that they acquiesced in the judgment by default by waiving their pleas.

Furthermore, the judgment entry recites that the defendants said nothing in bar or preclusion of the plaintiffs demand.    This is presumed to be the solemn act of the court, and certainly as much credit is due to it as to the mere recital by the clerk of the existence of certain pleas, which must have been waived, or the minutes of the court must recite a false fact.

We do not undertake to decide on the case presented, that a court is authorized to render a judgment by default or by *nil dicit*, when pleas are interposed within the proper period, though the defendant may afterward be passive; but the conclusiveness of such an entry as appears in this transcript can only be rebutted by a bill of exceptions (as was done in Gaston v. Parsons, 8 Porter 469,) or by some statement in the judgment entry, from which it may be legitimately inferred that the pleas were neither waived, withdrawn, nor abandoned.

Let the judgment be affirmed.