## DOUGHERTY v. COLQUITT, USE, &C.

1. *Semble*—That where a judgment recites, "the plaintiff came by his attorney, and the defendants say nothing in bar or preclusion of this suit," &c., it will be presumed the pleas found in the record were waived.

2. Where a defendant pleads an affirmative plea, the *onus* of proving which lies upon himself, the most regular course would be to reply, or demur to it; yet, if the defendant does not appear to sustain his plea, and a judgment by default is rendered in favor of the plaintiff, it will not be reversed on error; for the irregularity was one from which no injury resulted.

THE defendant in error caused to be issued an attachment returnable into the Circuit Court of Chambers, against the estate of the plaintiff, upon an affidavit of his non-residence.

The plaintiff in error pleaded the pendency of another action for the same cause. And a judgment was rendered in favor of the plaintiff by default for the amount of the note declared on, with interest, without noticing the plea. To revise the judgment of the Circuit Court, the defendant below has prosecuted a writ of error to this Court; and now assigns for error, the rendition of a judgment by default, without disposing of the plea.

GOLDTHWAITE and ROBERTSON for the plaintiff in error.
GUNN for the defendant.

COLLIER, C. J.—The earlier decisions of this Court considered an exception, such as that now taken, as fatal to the judgment. But the law here, as well as in other Courts, has, in accordance with the spirit of the times, been greatly relaxed, so that objections which are merely technical, and cannot advance the ends of justice, receive comparatively little favor. In McCollom & Capel vs. Hogan, ex'r., &c., 1 Ala. Rep. N. S. 515, there were several pleas found in the record; yet the Circuit Court, in its judgment recites that, "the plaintiff came by his attorney, and the defendants say nothing in bar or preclusion of this suit," &c. This Court held, in the absence of any thing in the record showing that the pleas were insisted on,

that it would be intended that they were waived; inasmuch as the defendants were in Court, and did not insist on them.

In the case before us, the judgment shows that the defendant was not in Court, but being called, he came not, but made default. The plea interposed was an affirmative one, and the *onus* of sustaining it lay upon the party pleading; and though the correct course of procedure was, either to demur or plead, that an issue might be presented to the Court or jury, yet the omission to notice the plea, cannot be regarded as fatal to error. If the plea had been demurred to, and adjudged insufficient, or if an issue of fact had been made up and presented to the jury, the plaintiff in error would not occupy a more favorable position than he now does. Upon presenting the case to the jury, the plaintiff below would have entitled himself to judgment merely by the production of the note sued on; unless the defendant had proved the allegations of his plea. This he could not have done, as we are informed that he was not in Court. The plaintiff in error has therefore sustained no injury by the irregularity of the proceeding in the Circuit Court: he is not denied the privilege of insisting on any error which would have availed him, had the judgment been rendered upon a verdict against him.

The ground upon which we place this opinion, being entirely satisfactory to ourselves, we have not thought it necessary to examine the plea to ascertain if it was not demurrable, and the omission to notice it, consequently, not prejudicial to the plaintiff in error.

The judgment is affirmed.