# Home Protection of North Alabama *v.* Caldwell Brothers.

*Action on Policy of Insurance against Fire.*

1. *Judgment final, without jury; when authorized.*—A policy of insurance against loss or damage by fire is not "an instrument of writing

ascertaining the plaintiff's demand" (Code, § 2740), such as authorizes the rendition of judgment final without writ of inquiry.

2. *Judgment by default, or nil dicit, when pleas are on file.*—When pleas are filed, which are not required to be verified by affidavit, but the defendant does not appear to sustain them, and the judgment recites his failure to appear, it is not necessary that a formal replication to the pleas shall be filed, nor that the defendant should be formally called; and the action not being founded on a written instrument on which judgment final by default could properly be rendered, a jury is properly impanelled to assess the plaintiff's damages; and if the judgment-entry recites that the jury was impanelled to try the issue joined, the irregularity is not available on error.

3. *Who may sue on policy of insurance against fire.*—An assignee of a policy of insurance against fire may maintain an action on it in his own name, although he may not have the legal title to the goods, no question of warranty being involved.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

This action was brought by Caldwell Brothers, suing as partners, against the appellant, a private corporation engaged in the business of insurance against fire; was founded on a policy of insurance on a stock of goods, issued by the defendant on the 3d May, 1884, in favor of Snodgrass & Caldwell, and was commenced on the 4th March, 1885. The complaint alleged the issue and terms of the policy; the sale of the insured goods by Snodgrass & Caldwell "to E. H. Caldwell, for the firm of Caldwell Brothers, by which said policy of insurance became the property of the plaintiffs;" the assignment of the policy to them, by and with the consent of the defendant; and the destruction of the goods by fire, on the 25th December, 1884, while the policy was in force. On the 9th December, 1885, the defendant filed two pleas, the first averring that the statements of the complaint are not true; and the second, that plaintiffs had failed and neglected to furnish proof of loss, as required by the terms of the policy. After several continuances under general rules, judgment was rendered at the February term, 1887, as follows: "Came the plaintiffs by attorney, and no one appeared for the defendant; case tried; and thereupon came a jury," &c., "who, being impanelled, sworn and charged well and truly to try the issue, upon their oaths" find for the plaintiffs, and assess their damages at $5,716.66.

From this judgment the defendant appeals, and here makes the following assignments of error: (1.) "The court erred in proceeding to trial, not having the defendant or counsel called, as the record shows that neither was present." (2.) "In proceeding to a trial of the cause, when the plaintiffs

[Home Protection of North Alabama v. Caldwell Bros.]

had not replied to either of the pleas in bar filed by the defendant." (3.) "In proceeding to trial and judgment, when plaintiffs had not replied or otherwise taken issue on defendant's first plea." (4.) "In proceeding to trial and judgment, when plaintiffs had not replied or otherwise taken issue on defendant's second plea." (5.) "In swearing and charging the jury to try the issue, when there was no issue joined for the jury to try." (6.) "In rendering judgment for the plaintiffs, when the complaint does not contain a substantial cause of action." (7.) "In rendering judgment for the plaintiffs, when the complaint shows that they had not the legal title to the goods insured, but the legal title thereto was in E. H. Caldwell."

R. C. BRICKELL, for appellant.

BROWN & KIRK, contra.

SOMERVILLE, J.—The action is one on a policy of fire-insurance, brought by the appellees against the appellant corporation, which is a fire-insurance company. Certain pleas were filed, but the defendant failed to appear to sustain them on the trial. The court, without making up a formal issue, proceeded with the trial of the cause, and verdict and judgment were rendered for the plaintiffs.

The statute provides, that "no judgment can be arrested, annulled, or set aside, for any matter not previously objected to, if the complaint contain a substantial cause of action." Code, 1886, § 2835. The most cursory examination of the complaint filed in the present case, not only shows the disclosure in it of a substantial cause of action for the wrong complained of, but the complaint itself seems to contain every essential averment required by the form prescribed by the Code for an action on a policy of fire-insurance.—Code, 1886, p. 792, Form No. 13; Brooklyn Life Ins. Co. v. Bledsoe, 52 Ala. 538.

It is manifest that an action on such a policy, which is a contract for indemnity against loss by fire, is not "founded on an instrument of writing ascertaining the plaintiff's demand," within the meaning of the statute (Code, 1886, § 2740), and that it would have been error to render judgment final by default, or by nil dicit on it, without the intervention of a jury to ascertain the amount of plaintiff's

39

damages.—*Manhattan Fire Ins. Co. v. Fowler & Co.* 76 Ala. 372.

It was clearly proper, therefore, that the court should have submitted to the jury, in some form, the determination of the value of the plaintiffs' property, alleged to have been destroyed by fire, which was the measure of their loss. The more formal mode of procedure in such cases is, to call the defendant, and, if he fail to appear in person, or by counsel, to sustain his pleas, then for the court to have a jury impanelled to try the issues on these pleas, in the same manner as if the defendant had appeared and defended the cause. *Harris v. Muskingum Man. Co.*, 29 Amer. Dec. 372; *Lehman v. Hudmon*, 84 Ala. 135. But a judgment by default, ignoring pleas not required to be verified by affidavit, followed by a writ of inquiry, where one is necessary and proper, would not have been reversed on error; for the irregularity is one which could work no injury to the defendant.—*McCoy v. Harrell*, 40 Ala. 232, 235; *Dougherty v. Colquitt*, 2 Ala. 337.

Nor would it be error for the court to try such an issue, in the absence of a formal issue, or replication by plaintiffs to the pleas. In ordinary practice, while it is always within the power of the defendant, or of the plaintiff, to compel the opposite party to reply, or take issue, at any stage of the proceedings, at the hazard of a judgment of *non pros.* or default, if he refuse or fail to do so, it is not customary to exact such a formal procedure; and it is well settled, that the failure to do so will not operate to reverse a judgment on error, after verdict and judgment, where the objection is raised for the first time in the appellate court.—*Abercrombie v. Mosely*, 9 Port. 145; s. c., 5 Smith's Cond. Rep. 441. The uniform practice of this court has always been, to presume, when the record is silent, that the general issue was pleaded by the defendant, or that the plaintiff took issue on the defendant's pleas, where the cause went to trial regularly in other respects by jury and verdict.

The judgment-entry, it is suggested, fails to show that the defendant was formally called, before the court proceeded to enter upon the trial of the cause. This was unnecessary, as it was required of the defendant that he should have been present in open court, in person or by counsel, when the cause was regularly reached on the docket, and called for trial. It is optional with the trial court to have the defendant or his counsel called in such cases, and the

failure of the record to recite such fact is a defect of form and not of substance, and is cured after final judgment, by section 2835 of the Code, above cited.

These principles dispose of the first six assignments of error urged by appellant's counsel, which we hold not to be well taken.

The last assignment is based upon the fact, that the legal title of the goods insured against fire was not in the plaintiffs, but in one Europe H. Caldwell, as trustee for their benefit. This objection clearly goes only to the question of the plaintiffs' insurable interest in the property destroyed, the policy of insurance itself having been assigned to the plaintiffs in writing, by consent of the defendant company, at the time the plaintiffs purchased the goods insured. The objection is without merit, as a mere qualified or equitable interest in property is an insurable interest. The possession of the legal title by the insured is entirely unnecessary, except in certain cases, as affecting the question of warranty, which is not raised in this case.— *Warren v. Davenport Fire Ins. Co.*, 31 Iowa, 464; s. c., 7 Amer. Rep. 160; *Turner v. Stetts*, 28 Ala. 420.

We discover no error in the record, and the judgment must be affirmed.