# Schwarz *v.* Oppenheimer, Strauss & Co.

### *Action on Common Counts.*

1. *Judgment by default, after plea filed.*—Filing an affirmative plea, not verified by affidavit, will not prevent the rendition of a judgment by default, unless the defendant appears to sustain his plea.
2. *Setting aside judgment.*—After the expiration of the term at which a judgment is rendered, the court has no power to set it aside, unless it is void; and under statutory provisions regulating the practice in the Circuit Court of Jefferson (Sess. Acts 1888–9, p. 801), a judgment is equally beyond the control of the court after the expiration of thirty days from its rendition, although the term may not have expired.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

This action was brought by Oppenheimer, Strauss & Co., against Louis L. Schwarz, and was commenced on the 22d

April, 1889. The complaint contained only the common counts. On the 23d May, 1889, the defendant filed two pleas to the action—namely, the general issue, and payment; but, by mistake of the clerk, the pleas were placed in the file of papers belonging to another cause, and the names of the defendant's attorneys were entered on the docket in that cause. On the 30th May, 1889, the plaintiffs asked and took judgment by default. On the 5th July, 1889, the defendant entered a motion to set aside the judgment by default, and on proof of the facts above stated, the court set it aside on the 6th August. Afterwards, but on the same day, the plaintiffs entered a motion to vacate and set aside the order or judgment last named, on the ground that the court had lost all power and control over the judgment by default, because more than thirty days had elapsed before the motion to set it aside was entered; and the court sustained the motion on this ground, and vacated the former order setting aside the judgment by default. On the hearing of this motion it was shown, as the bill of exceptions states, in addition to the facts above stated, "that it was and is the practice of said court to set down for trial on particular days all causes in which pleas were filed, and to cause calendars to be printed and distributed among the attorneys practicing in the court, showing the day each case is set down for trial; that this case had never been set down for trial, and hence was never placed on said calendar; that neither the defendant nor his attorneys were in court when said cause was called and judgment rendered, and knew nothing thereof until afterwards; and that, when said judgment by default was rendered, neither the court nor the defendant's attorneys knew that said pleas had been filed, though they were then on file as above stated." The defendant excepted to the ruling and judgment of the court setting aside the former judgment, which vacated the judgment by default; and he here assigns it as error, together with the judgment by default.

FEAGIN & WILKERSON, for appellants.

WARD & JOHN, contra.

McCLELLAN, J.—The fact that an affirmative plea, not verified by affidavit, has been filed, will not prevent the rendition of a judgment by default, unless the defendant appears to sustain it.—*McCollum v. Caple*, 1 Ala. 515; *Dougherty v. Colquitt*, 2 Ala. 337; *McCoy v. Harrell*, 40 Ala. 232; *Lehman, Durr & Co. v. Hudmon*, 85 Ala. 135; *Ins. Co. v. Caldwell*, 85 Ala. 607; *Elyton Land Co. v. Morgan*, 88 Ala. 434.

Section 11 of the act regulating the practice and proceedings in civil cases in the Circuit Court of Jefferson county &c. provides: "That final judgments rendered in said court shall, after expiration of thirty days from their rendition, be taken and deemed as completely beyond the control of the court as if the term of said court at which said judgments are rendered had ended at the end of said thirty days."—Acts 1888–9, p. 801. The motion of the defendant to vacate and set aside the judgment, being made after the lapse of thirty days from its rendition, should have been overruled; the court was without any authority or jurisdiction to entertain it, and the order granting it was absolutely void.—*Slatter v. Glover*, 14 Ala. 650; *Harris v. Billingslea*, 18 Ala. 438; *Griffin v. Griffin*, 40 Ala. 276. The order vacating the judgment being without any force or effect, it was competent for the court to expunge it from the records.—*Glass v. Glass*, 76 Ala. 368, and authorities cited.

Defendant's only remedy, after the lapse of thirty days from the rendition of the judgment, was by petition for rehearing under the statute.—Code, §§ 2872 *et seq.*

There is no error in the record, and the judgment is affirmed.