[Hutchison & Wilson v. Powell.]

# Hutchison & Wilson *v.* Powell.

*Action against Partnership, on Promissory Note.*

1. *Waiver of exemptions in note signed by partnership.*—In an action against a partnership, the individual names of the partners also being stated, founded on a promissory note containing a waiver of exemptions, it can not be insisted on error that the waiver was binding only on the partner who signed the partnership name to the note, when the complaint alleges that the defendants waived their exemptions in and by the note, and no evidence is adduced showing how or by whom the waiver was made.

2. *Indorsement of waiver on attachment.*—In an action commenced by attachment, if the fact of a waiver of exemptions is not indorsed on the writ (Code, § 2571), it can not be incorporated in a judgment by default; but, if the fact of a waiver is alleged in the complaint, and the defendant appears and pleads without objection, and then suffers judgment by *nil dicit,* the defect is waived.

3. *Variance between attachment and complaint, in statement of debt.* A variance between the attachment and complaint in the statement of the debt claimed—as where the writ claims $325 due by a promissory note, and the complaint claims $300 due by note, and $25 attorney's fees as therein stipulated—is not available on error after judgment by *nil dicit.*

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. JESSE M. CARMICHAEL.

This is an action brought by the appellee Daniel Powell, against the appellants, and was commenced by attachment. All the facts, rulings of the court, and judgment rendered, are sufficiently set forth in the opinion.

M. E. MILLIGAN, for appellant.

F. J. MILLIGAN, *contra,* cited *McCoy v. Watson,* 51 Ala. 466; 61 Ala. 387; *Haralson v. Campbell,* 63 Ala. 278; *McAbee v. Parker,* 78 Ala. 573; 82 Ala. 294.

WALKER, J.—This is a suit on a promissory note and was commenced by attachment against Hutchison & Wilson, a firm or partnership composed of J. M. Hutchison & J. R. Wilson. The writ of attachment was levied on a lot of saw logs as the property of the defendants. At the return term of the writ the defendants appeared and, to the complaint filed, pleaded in short by consent, 1st, Payment; 2nd, Set off; 3rd, Recoupment; 4th, Want of consideration; 5th, Failure of con-

[Hutchison & Wilson v. Powell.]

sideration. The judgment, however, was by *nil dicit*, the entry reciting, "Come the parties by their attorneys and defendants say nothing in bar or preclusion of plaintiff's demands." No bill of exceptions was reserved.

1. The complaint alleges that in the note sued on defendants waived all their exemptions under the Constitution and laws of Alabama. The judgment directs that execution issue with a waiver as to personalty. It is now urged that the clause in the judgment relating to the waiver of the exemptions could have been properly entered only against the member of the defendant firm who signed the firm name to the note sued on. The note is not set out in the complaint or elsewhere in the record, and the evidence which was before the Circuit Court not having been preserved by bill of exceptions, it does not appear by whom the note was signed, or in what manner the stipulation for the waiver of exemptions was entered into. The assignment of error under discussion is made on the assumption that one of the defendants signed the name of the firm to the note, and that the clause waiving exemptions is binding only on him. The judgment of the Circuit Court can not be reversed on such mere assumption. For aught that appears in the record, the agreement to waive exemptions as to personal property may have been executed by both defendants in strict conformity to the statute.—§2568, Code of 1886. It is not necessary, however, for the record to show this. The burden is on the appellants to support their assignment of error by showing that the evidence before the Circuit Court was such as not to authorize the insertion in the judgment of the clause relating to the waiver of exemptions as to both defendants. This they have not done. The judgment of the Circuit Court must be presumed to be free from error until the contrary is affirmatively shown.—*Beadle v. Davidson*, 75 Ala. 494; *Hosea v. Talbert*, 65 Ala. 173; 3 Brick's. Dig. p. 493. In support of the judgment we must presume, in the absence of any showing to the contrary, that the note sued on and exhibited before the trial court showed that the defendants entered into the stipulation to waive exemptions in such manner as to authorize a judgment against them with waiver as to personalty.

2. The record does not show that the indorsement of the fact of a waiver of exemption was made on the writ of attachment, as required by § 2571 of the Code. If the judgment had been taken by default the absence of the indorsement would have rendered it erroneous as to the clause relating to the waiver of exemption.—*Fears v. Thompson*, 82 Ala. 294. But the claim of a waiver of exemption was alleged in the

[Hutchison & Wilson v. Powell.]

complaint, as required by § 2570 of the Code, and the defendants appeared and filed pleas to the complaint. That having been done, the objection on account of the absence of the indorsement on the writ was obviated. The purpose of requiring the indorsement to be made on the writ of attachment is to provide a mode of presenting this special claim so that defendant may have notice thereof and an opportunity to contest it. As in suits commenced by attachment the complaint is not required to be filed until the return term of the writ, and as judgment may then be entered without other notice to the defendant than that of the levy of the attachment, unless some special mode of giving notice of the claim of a waiver of exemptions was provided, a recital of such waiver in the judgment entry might be without the defendant having had notice in any manner that the claim of such waiver was made. The indorsement on the writ gives notice in brief form of this special claim, as the statements of the amount of the indebtedness in the affidavit and writ give notice of the plaintiff's claim in that regard. The levy and the statement thereof in writing, or by publication to the defendant, constitute the statutory notice of the contents of the papers required to be filed prior to the levy. The complaint, however, which may not be filed until the return term of the writ, is a more formal statement of the plaintiff's demand, both as to the debt and as to the claim of a waiver of exemptions. If the defendant appears and files pleas, he thereby admits notice of a legal presentation of plaintiff's claim so far as it is set forth in the complaint. In answering the complaint the defendant has full opportunity to controvert the averment as to a waiver of exemptions. He can no longer complain of the absence of the skeleton showing on the writ, for the endorsement on the writ is merely to give notice of the claim of a waiver of exemptions, and the complaint which he answers more fully and formally sets out that claim. When the averment of waiver is made in the complaint, as required by § 2570 of the Code, this is sufficient so far as pleading is concerned to support a declaration of such waiver in the judgment in cases where the defendant has appeared and filed pleas, whether the suit be brought by attachment or by summons and complaint. This conclusion is supported by the provision of § 2996 of the Code, that if the defendant in a suit commenced by attachment appears and pleads, the cause proceeds as in suits commenced by summons and complaint.

3. The other objections stated to the judgment are without force. The variance between the writ of attachment and the

[Stuckey v. McKibbon.]

complaint in the mode of stating the amount claimed, even if material, would not avail now, as no objection on this ground was made in the trial court.—*Fears v. Thompson*, 82 Ala. 294; *McAbee v. Parker*, 78 Ala. 573. The judgment was by *nil dicit*, though the record shows that the defendant duly filed pleas. There being nothing in the record to show that the pleas were insisted on, the presumption will be indulged here that they were abandoned or waived. Even if they were not abandoned or waived, as they were affirmative pleas and the record shows that they were not sustained, the entry of judgment, as if no pleas were on file, was at most an irregularity from which no injury resulted.—*Dougherty v. Colquitt*, 2 Ala. 337; *McCullam v. Hogan*, 1 Ala. 515; *Home Protection of North Alabama v. Caldwell Bros.*, 85 Ala. 607.

Affirmed.