# Brandon *v.* Leeds State Bank.

### *Assumpsit.*

(Decided May 14, 1914.  65 South. 341.)

1. *Judgment; Default.*—Where the action was on a note which
stated a cause of action, and one defendant entered a general denial
not sufficient as the general issue because not denying the execution
of the note, and the other defendants demurred to the complaint,
and demanded a jury trial, a judgment for plaintiff reciting that de-
fendants, being called, made default, and that the court proceeded
to hear and determine the cause, was not objectionable as a judg-
ment by default after plea or demurrer.

2. *Pleading; Demurrer; Waiver.*—Where some of the defendants
demurred to the complaint, but failed to appear and insist thereon,
such failure will be treated on appeal as a waiver of such demurrer.

3. *Jury; Trial by.*—Where the note sued on was not denied as to
its execution, a writ of inquiry was not required, and the appearing
defendants were not entitled to a jury trial under section 5356,
Code 1907.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Assumpsit by the Leeds State Bank against E. W.
Brandon and others. Judgment for plaintiff and de-
fendants appeal. Affirmed.

Z. T. RUDOLPH, for appellant. The default judgment
was void.—*Ex parte Haynes,* 140 Ala. 196; Acts 1888-9,
§ 5. The court was without jurisdiction to assess dam-

ages, a jury having been demanded.—Authorities supra, and Constitution 1901, § 11.

GASTON & PETTUS, for appellee.    No brief reached the Reporter.

SAYRE, J.—To appellee's suit on a promissory note defendant Brandon entered a mere general denial, which, however, did not amount to the general issue, for the execution of the note was not specifically denied.    Defendants Spruell and Pledger demurred, and at the same time demanded a trial by jury.    The judgment which followed recites that defendants, being called, came not, but made default.    This is the appropriate recital of a judgment by default; but the judgment rendered was not a technical judgment by default for two reasons:    (1) Defendants had appeared and pleaded.    (2) The further recital is that the court proceeded to hear and determine the cause, meaning, we take it, that the court proceeded to a determination of the cause upon the evidence offered by plaintiff.    However, the practical effect was that of a proper judgment by default.—*McCollom v. Hogan*, 1 Ala. 515; *Hutchison v. Powell*, 92 Ala. 619, 9 South. 170.

In the case of *Ex parte Haynes*, 140 Ala. 196, 37 South. 286, there is a dictum to the effect that a judgment by default, after demurrer or plea interposed, is reversible error.    That may have been a correct statement of the law of the case shown by the record there, for there, for aught appearing, the judgment may have been in strictness a judgment by default.    The second recital of the judgmnt in the case before us, and our conclusion as to its meaning and effect, stated above, will suffice to differentiate the case here.

It would have been better practice to dispose of the demurrer by a formal order; but, in view of the fact that

unquestionably the complaint stated a cause of action, the failure of defendants, or some of them, to appear and insist upon their demurrer, will be treated on appeal as a waiver.—*American Mortgage Co. v. Inzer,* 98 Ala. 608, 13 South. 507.

Two of the defendants demanded a trial by jury, and that would have been their right in the case of a cause of action of such nature as to render a writ of inquiry necessary after a judgment by default. But the suit was upon an instrument of writing which ascertained the plaintiff's demand, and its execution was not denied. In this state of the record the case falls within the principle, if not the strict letter, of the statute, section 5356 of the Code, and there was no occasion for the intervention of a jury.—*Home Protection Co. v. Caldwell,* 85 Ala. 607, 5 South. 338; *Burns v. Howard,* 68 Ala. 352; *McGowin v. Dickson,* 182 Ala. 161, 62 South. 685.

The judgment of the trial court might be sustained on other grounds; but we have said enough.

We find no reversible error, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and DE GRAFFEN-RIED, JJ., concur.