**McCORD v. HARRISON & STRINGER.**
**(7 Div. 282.)**

(Supreme Court of Alabama. April 13, 1922. Rehearing Denied May 11, 1922.)

**1. Judgment ⬤➞107—Rendered as if no plea were on file, where plea not supported by defense.**

When a defendant pleads an affirmative plea, as to which he has the burden of proof, and fails to appear and sustain it, and the judgment entry recites that the defendant "says nothing further in bar or preclusion of plaintiff's right to recover," judgment may be rendered as though no plea were on file.

**2. Appeal and error ⬤➞912—Presumed from recitals that plea in abatement was waived or not supported by evidence.**

Where defendant filed plea in abatement setting up that he was not a resident of the county of suit, and the judgment in the action recited that, "Defendant saying nothing further in bar or preclusion of plaintiff's right to recover, * * * it is * * * adjudged, * * * on proof submitted by the plaintiffs, that the plaintiffs * * * recover," it would be conclusively presumed under such recitals, in the absence, at least, of a bill of exceptions showing something to the contrary, that the venue plea was waived by defendant, and that, if not waived, there was no evidence to sustain it.

**3. Pleading ⬤➞111—Confession in count added by amendment, of plea in abatement, not applicable to other counts.**

Where defendant filed a venue plea to a complaint in two counts, defendant's contention that, since a third count of the complaint added by amendment expressly alleged that he was a resident of the county claimed by his plea, the complaint in effect confessed the venue plea, and relieved defendant of the burden of proving it, was unsound, for each count of the complaint is separate and complete, and admissions made in one count are not applicable to other counts, and cannot be visited upon them; hence as to the other two counts defendant still had the burden of proving his plea, as though the third count had never been filed.

**4. Venue ⬤➞32(2)—Plea may be waived by failure to appear and insist upon it.**

Since venue may be waived by a failure to plead the objection, a venue plea may, like any other plea, be waived by a failure to appear and insist upon it when the case is called for trial.

**5. Judgment ⬤➞143(11)—Default will not be set aside because defendant not notified of court term.**

Judgment nil dicit will not be set aside on the ground that neither defendant nor his attorney had any notice or knowledge that a term of court would be held, or was being held, on the date the judgment was rendered; it being their duty to know when the case would be called for trial, and then to attend with its defense.

---

**6. Appeal and error ⬦⮞854(2)—Erroneous reason does not invalidate correct ruling.**

Where defendant's motion to set aside judgment nil dicit must have been overruled had it been considered on its merits, defendant was none the worse off because of its denial, on the ground that it had abated.

Appeal from Circuit Court, Talladega County; A. P. Agee, Judge.

Action by Harrison & Stringer against Z. D. McCord, in assumpsit. From a judgment nil dicit, and denial of motion to set the same aside, defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 450. Affirmed.

On October 21, 1920, plaintiffs filed suit against defendant in the circuit court of Talladega, on two common counts, for money due for services, and by an account stated. On November 15, 1920, defendant filed his plea in abatement, setting up that at time of suit filed he was not a resident of Talladega county, but was then and still a resident of Coosa county. On January 24, 1921, the cause came on to be heard, and plaintiffs filed an additional count for services rendered, with allegations designed to show a lien on defendant's property in Talladega county, and alleging that defendant was then a resident of Coosa county. On that day, as the record shows, a judgment was rendered as follows:

"On this the 24th day of January, 1921, came the plaintiffs, and by leave of the court first had and obtained amend the complaint by separate paper writing on file. And, the defendant saying nothing further in bar or preclusion of plaintiffs' right to recover in this case, it is considered, ordered, and adjudged by the court, on proof submitted by the plaintiffs, that the plaintiffs have and recover against the defendant," etc.

On February 8, 1921, defendant filed his motion to set aside said judgment on the grounds: (1) That neither defendant nor his attorney had any notice or knowledge that a term of the circuit court of Talladega county would be held, or was being held, on the date that said judgment was rendered. (2, 3) That defendant had duly filed his plea in abatement (as shown above), and had not filed any other plea in the cause, and had not waived said plea in abatement, and the court was without jurisdiction to render said judgment. (4) That under the pleadings on file the court was without jurisdiction to render said judgment. On February 22, 1921, it was ordered, on motion of defendant, that said motion "be passed and continued until May, 1921." On June 2, 1921, the minute entry recites:

"This cause being submitted to the court on the defendant's motion to set aside the judgment heretofore rendered in this cause, it is considered, ordered, and adjudged by the court that said motion has abated, and that the order restraining the enforcement of said judgment be, and the same is hereby, revoked, to which ruling of the court the defendant excepts."

Defendant appeals on the record, and assigns for error the rendition of the said judgment, and the denial of his motion to set the same aside, and also the refusal of the court to consider said motion, and the ruling that it had abated.

James W. Strother, of Dadeville, for appellant.

The action should have been abated on defendant's plea setting up his residence in Coosa county. Code, § 6110; 16 Ala. App. 575, 80 South. 149. Under the amended complaint, it was not necessary for defendant to prove his plea in abatement. Appellant can take nothing by the fact that neither he nor his attorney knew when court was to be held in Talladega county, and the failure of a defendant, charged with the duty of knowing the terms of court, to appear and insist upon a pleading previously filed, is treated as a waiver of such pleading. 202 Ala. 330, 80 South. 412; 186 Ala. 519, 65 South. 341. Appellant can have no benefit upon the theory that count A contained an admission of defendant's residence in Coosa county; each count stands alone. 161 Ala. 181, 49 South. 888.

Harrison & Stringer, of Talladega, pro se.

SOMERVILLE, J. [1] It is well settled by the decisions of this court that, when a defendant pleads an affirmative plea, as to which he has the burden of proof, and fails to appear and sustain it, and the judgment entry recites that the defendant "says nothing further in bar or preclusion of plaintiff's right to recover," judgment may be rendered as though no plea were on file. McCollom v. Hogan, 1 Ala. 515; Dougherty v. Colquitt, 2 Ala. 337; McCoy v. Harrell, 40 Ala. 232; Home Protection, etc., v. Caldwell, 85 Ala. 607, 5 South. 338; Schwarz v. Oppenheimer, 90 Ala. 462, 8 South. 36; Hutchison v. Powell, 92 Ala. 619, 622, 9 South. 170; Brandon v. Leeds State Bank, 186 Ala. 519, 65 South. 341; Elyton Land Co. v. Morgan, 88 Ala. 434, 7 South. 249. In the instant case, the court heard testimony adduced by plaintiffs, and on that testimony adjudged that they were entitled to recover.

[2] Under the recitals of the judgment entry—in the absence, at least, of a bill of exceptions showing something to the contrary—it must be conclusively presumed that the venue plea was waived by the defendant; and, further, that, even if it were not waived, there was no evidence to sustain it. McCollom v. Hogan, 1 Ala. 515; Hutchison v. Pow-

ell, 92 Ala. 619, 622, 9 South. 170; and other cases, supra. On the record before us, we are bound to hold that the judgment in question was free from error.

[3, 4] We do not overlook the contention of appellant that count A of the complaint, added 'by amendment, showed by express allegation that defendant was a resident of Coosa county, and, that therefore, the complaint in effect confessed the venue plea on file, and relieved defendant of the burden of proving it. This contention, however, is manifestly unsound, for the reason that each count of the complaint is separate and complete, and admissions made in one count are not applicable to other counts, and cannot be visited upon them. Hence, as to counts 1 and 2, defendant had still the burden of allegation and proof with respect to the matter of venue, exactly as though count A had never been filed. Since venue may be waived by a failure to plead the objection, a venue plea may, like any other plea, be waived by a failure to appear and insist upon it when the case is called for trial.

[5] The first ground of the motion to set aside the judgment is without merit. "It was the duty of defendant and of defendant's counsel to know when, under the rules of the court, its [his] case would be called for trial, and to attend at that time with its defense, or some cause for continuance, prepared for submission to the court." Eminent Household of Columbian Woodmen v. Lockerd, 202 Ala. 330, 80 South. 412. And the other three grounds are invalidated by the principles already stated above.

[6] Conceding, therefore, without deciding, that the motion had not abated as ruled by the trial court, nevertheless, had it been considered on its merits, it must have been overruled, and defendant was none the worse off because of the mode or ground of its denial, and hence he cannot complain of prejudicial error in that regard.

We find no error upon which to base a reversal of the judgments complained of, and they will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.