96 So.2d 288

Thelma Hunter SKELTON et al.

v.

Larry Richard WEAVER, Pro ami Theren Weaver.

6 Div. 811.

Supreme Court of Alabama.

March 21, 1957.

Rehearing Denied June 27, 1957.

Davis & Zeanah, Tuscaloosa, for appellants.

E. D. McDuffie, Tuscaloosa, for appellee.

COLEMAN, Justice.

Appellee, a minor six years old, by next friend, filed complaint containing one count against appellants for damages for personal injury caused by negligence of appellant, Thelma Hunter Skelton, while she was operating an automobile as agent or servant of appellant, Ernest S. Skelton.

On March 13, 1954, process was personally served on appellants.

On April 12, 1954, appellants filed demurrer.

On April 23, 1954, appellee withdrew demand for jury, filed affidavit of nonmilitary service, and default judgment was entered for appellee. The judgment entry does not in anywise refer to the demurrer.

The complaint sufficiently states a cause of action. Although the judgment entry contains clerical errors, it is in form proper and complete, and contains this recital:

"* * * The defendant's then being called come not, neither in person nor by attorney, but wholly makes default. It is, therefore, considered by the court and it is the order and judgment of the court that the Plaintiff have and recover of the Defendants its damages in this cause."

The judgment further recites that the damages being undetermined and no jury demanded the court proceeds "to try this case"; and after hearing all the evidence introduced by the plaintiff and considering same, it is the order and judgment of the court that the plaintiff recover.

The appeal is from this judgment rendered April 23, 1954.

For a statement of errors assigned, we quote from the appellants' brief:

"As has been previously stated, the only question presented in this appeal is whether the Circuit Court of Tuscaloosa County, Alabama, was correct in its action of rendering and entering a judgment by default with execution of writ of inquiry without first having overruled, passed on, or disposed of a demurrer which had previously been filed by the defendants in the case within the prescribed time. The assignments of error heretofore made by the defendants are and were designed so as to present this single question. Said assignments of error are so related, therefore, so as to present this single question, and said assignment of error will be argued herein together."

We restate the question as follows:

On appeal at law, does the entry of judgment by default constitute reversible error where defendant has filed a demurrer which has not been ruled on, when there is no bill of exceptions, no transcript of evidence, and no statement in the judgment entry, or elsewhere in the record, to rebut the inference that the demurrer has been waived, withdrawn, or abandoned?

We answer the restated question in the negative. Rendition of such a judgment so presented by the record is not reversible error on appeal.

We are not to be understood as holding that a court would not be in error in rendering a default judgment without ruling on a demurrer timely filed, where the record on appeal shows that the demurrer was called to the attention of the court and insisted on by the defendant.

The transcript before us contains: Organization of the court, summons and complaint, return of sheriff showing personal service on appellants, demurrer, request to withdraw demand for jury, nonmilitary affidavit, and the judgment rendered April 23, 1954. Thereafter appears certain matter purporting to have occurred on October 22, 1954, which we hereinafter mention. Following this matter, notice of appeal, and security for costs are shown.

In determining the question presented, we consider the judgment appealed from and the record of the proceedings which resulted in that judgment.

A case decided by this court in 1822 supports appellants' argument that entering the default judgment in this case without ruling on the demurrer constituted reversible error.

In that early case, suit was on a promissory note. Defendant filed a demurrer, yet judgment by default was entered against him and defendant appealed. In reversing the judgment, this court said:

"Admitting that the demurrer was not sustainable, it should have been disposed of by a decision of the court below. It could not properly be treated as a nullity. There was error in rendering the judgment as by default. * * *." Flournoy v. Childress, Minor 93.

In one edition of Minor, a footnote states that this case is in conflict with later cases, citing 1 Ala. 443, 515.

In a footnote in the 1891 edition, referring to the rule so set out in Flournoy v. Childress, appears simply the word "Overruled," without citing authority.

We hold that Flournoy v. Childress, supra, has been overruled on the proposition quoted above. Bryant v. Simpson, 3 Stew. 339; McCollom v. Hogan, 1 Ala. 515; Elyton Land Co. v. Morgan, 88 Ala. 434, 7 So. 249; Schwarz v. Oppenheimer, 90 Ala. 462, 8 So. 36; Hart v. Sharpton, 124 Ala. 638, 27 So. 450; Alabama National Bank v. Hunt, 125 Ala. 512, 28 So. 488; Memphis & C. R. Co. v. Martin, 131 Ala. 269, 30 So. 827; Brandon v. Leeds State Bank, 186 Ala. 519, 65 So. 341; Hendley v. Chabert, 189 Ala. 258, 65 So. 993.

In Bryant v. Simpson, supra, decided in 1831, in an action of covenant where pleas

of·payment and covenant performed were on file, judgment nil dicit, without noticing the pleas, was rendered. On appeal, the judgment was affirmed, and this court said:

"* * * The next entry is as follows: 'came the parties by attorney, and the defendant saying nothing, judgment is entered by *nil dicit*; and thereupon came a jury of good and lawful men, to inquire of damages,' &c. who were sworn to assess the damages. It sufficiently appears from this entry, that both the parties were present by counsel, when these proceedings took place, and that the defendant did not attempt to sustain his pleas. Were it necessary, we might be authorized to infer, that the defendant's counsel acknowledged his inability to sustain his pleas by proof, and thus virtually withdrew them; but this is not a necessary implication in support of the judgment. * * *."

In McCollom v. Hogan, supra, decided in 1840, in an action of assumpsit on promissory note, pleas of fraud, payment, and non-assumpsit, among others, appeared in the record, but no notice was taken of these pleas, and judgment nil dicit was rendered for plaintiff. On appeal, entry of that judgment, when in fact a defense was made, was assigned as error. In affirming that judgment, this court said in pertinent part:

"The question presented in this case, is similar in principle to that decided by this court in Abercrombie v. Mosely, 9 Port. 145. The only difference is, that in the case cited one issue was determined by the jury, whilst in this the pleas were wholly disregarded. We then stated the reasons which induced us to depart from some of the earlier decisions of this court on this matter of principle, and those reasons are equally forcible, whether applied to the state of the record in this or the other case. * * * We must infer that this suit was called as other suits, and that the defendants either were not present in person or by attorney; or if present, that they acquiesced in the judgment by default by waiving their pleas.

"Furthermore, the judgment entry recites that the defendants said nothing in bar or preclusion of the plaintiffs demand. This is presumed to be the solemn act of the court, and certainly as much credit is due to it as to the mere recital by the clerk of the existence of certain pleas, which·must have been waived, or the minutes of the court must recite a false fact.

"We do not undertake to decide on the case presented, that a court is authorized to render a judgment by default or by *nil dicit*, when pleas are interposed within the proper period, though the defendant may afterward be passive; but the conclusiveness of such an entry as appears in this transcript can only be rebutted by a bill of exceptions, as was done in Gaston v. Parsons, 8 Port. 469, or by some statement in the judgment entry, from which it may be legitimately inferred that the pleas were neither waived, withdrawn, nor abandoned."

McCollom v. Hogan, supra, has been criticized, Barnard v. Irwin, 8 Ala.App. 544, 62 So. 963, certiorari denied Ex parte Irwin, 184 Ala. 666, 63 So. 1027; and a dictum in a later case says McCollom v. Hogan has been departed from. Wooten v. Traders' Securities Co., 216 Ala. 147, 113 So. 492.

It appears, however, that the departure was limited to cases where a negative plea such as the general issue had been interposed by defendant and remained undisposed of by the court. We do not think the doctrine has been departed from where an affirmative plea had been filed by defendant and remained undisposed of by the court.

Elyton Land Co. v. Morgan, supra [88 Ala. 434, 7 So. 249], decided in 1889, appears to be decisive of the instant case.

In that case, the action was on account. Defendant filed demurrer. The record does not show any ruling on the demurrer. Judgment by default was rendered for plaintiff, and that judgment is assigned as error, together with failure to rule on demurrer. We quote the entire opinion in that case:

"There is no merit in the present appeal. The objection sought to be raised by demurrer cannot be presented in that way. Demurrer raises the question of the sufficiency of the complaint, and the present complaint is sufficient. If the affidavit to the account was insufficient, that could be raised when it was offered in evidence. Code of 1886, § 2773. The defect, if any, went to the evidence, not to the pleadings. The demurrer was frivolous. *But if the demurrer had been well taken, it could not avail the appellants.* [Emphasis supplied.] It was not enough that a sufficient issue was formed. Counsel should have been present to invoke the action of the court, and to represent his client. A demurrer found in the file, and neither called to the attention of the court, nor ruled on, must be regarded as abandoned; and parties permitting their suits to be tried in their absence, and without counsel cannot complain if they are treated as in default. Lehman v. Hudmon, 85 Ala. 135, 4 So. 741.

"The objection that the judgment was by default, instead of *nil dicit*, relates to a mere matter of form, and is without merit. Atlantic Glass Co. v. Paulk, 83 Ala. 404 [405], 3 So. 800; McLaren v. Anderson, 81 Ala. 106 [8 So. 188]."

In the instant case, appellants do not argue that their demurrer was well taken; but argue that "Such a demurrer, sustainable or not, must first be disposed of by the trial court prior to rendering a judgment by default." Elyton Land Co. v. Morgan, supra, holds squarely against appellants' argument and is contrary to Flour-

noy v. Childress, supra, cited in support thereof.

See, also, Hendley v. Chabert, 189 Ala. 258, 65 So. 993, 997, where this court speaking through Gardner, J., said:

"Nor is it any ground for relief that the judgment was by default, demurrer having been filed. Not having been called to the attention of the court, the demurrer could have been considered as abandoned, and the fact that the judgment was by default instead of nil dicit relates to a mere matter of form. Elyton Land Co. v. Morgan & Co., 88 Ala. 434, 7 So. 249."

In 1934, this court speaking through Foster, J., considered the question as to whether or not it is reversible error to render a judgment by default if defendant files a plea or demurrer, and expressed the rule as follows:

"It is not fatal to its sufficiency whether the judgment is by default or nil dicit, if the record shows that one or the other was proper. The improper form in this respect does not render the judgment reversible error. Eminent Household [of Columbian Woodmen] v. Lockerd, 202 Ala. 330, 80 So. 412; Hendley v. Chabert, 189 Ala. 258, 65 So. 993; Elyton Land Co. v. Morgan, 88 Ala. 434, 7 So. 249; Atlantic Glass Co. v. Paulk, 83 Ala. 404, 3 So. 800; McCaskey v. Pollock, 82 Ala. 174, 2 So. 674.

"Our cases in the main are consistent with the doctrine that if a defendant files a plea which casts the burden on plaintiff, and then does not appear further, the court commits error to reversal if it renders a judgment by default or nil dicit. McCoy v. Harrell, 40 Ala. 232; Green v. Jones, 102 Ala. 303, 14 So. 630; Clements v. Mayfield Woolen Mills, 128 Ala. 332, 29 So. 10.

"But if defendant interposes only an affirmative defense by way of confession and avoidance, the burden of

proof is on him, and if he fails to appear to sustain it, he is not prejudiced by a judgment by default or nil dicit. McCollom v. Hogan, 1 Ala. 515; Dougherty v. Colquitt, 2 Ala. 337; McCoy v. Harrell, supra; Schwarz v. Oppenheimer, 90 Ala. 462, 8 So. 36; Hutchison v. Powell, 92 Ala. 619, 9 So. 170; Brandon v. Leeds State Bank, 186 Ala. 519, 65 So. 341; McCord v. Harrison & Stringer, 207 Ala. 480, 93 So. 428.

"And since a demurrer imposes on defendant the duty to have it submitted and heard, if he does not come into court for that purpose, he should be treated as though he had interposed an affirmative defense with the burden to prove it. Some of our cases hold that when he fails thus to come into court he thereby abandons his demurrer, and a judgment by default or nil dicit is not a reversible error. Hendley v. Chabert, 189 Ala. 258, 65 So. 993; Brandon v. Leeds State Bank, supra; Elyton Land Co. v. Morgan, 88 Ala. 434, 7 So. 249; American Mortgage Co. [of Scotland] v. Inzer, 98 Ala. 608, 13 So. 507.

"But another asserts in a dictum that one who demurs is in the same attitude as one who pleads the general issue, and that it is error to render a judgment by default or nil dicit against him. Ex parte Haynes, 140 Ala. 196, 37 So. 286 (criticized in Brandon v. Leeds State Bank, supra).

"In Brandon v. Leeds State Bank, supra, as in some others, the distinction between an affirmative plea or a demurrer and one which puts the burden on plaintiff is not mentioned, but the facts, when analyzed, show it is applicable. That was a suit on a note in which a general denial by one defendant and a demurrer by others cast no burden on plaintiff. But when in such a suit a plea of non est factum is interposed, the burden is so cast, and a judgment as for a default has been held to be inappropriate and reversible error. McCoy v. Harrell, supra; Home Protection of N[orth] Alabama v. Caldwell, 85 Ala. 607, 5 So. 338." Lokey v. Ward, 228 Ala. 559, 561, 562, 154 So. 802, 804.

On these authorities, we are of the opinion that the instant case as presented on the record here is due to be affirmed.

■ Appellants argue in brief that this case was not set for trial on a particular day as required by § 249 of Title 7, Code 1940. Nothing appears in the record to support this assertion and we will presume on appeal that since nothing to the contrary appears in the record, the cause was properly called or set down for hearing. Carson v. Sleigh, 201 Ala. 373, 78 So. 229.

The record before us under "Organization of Court," recites:

"At a *regular* session of the Circuit Court * * * at which the officers authorized by law * * * were serving, the following proceedings were had * * *." (Emphasis supplied.)

It does not appear that appellants or their attorneys resided outside of Tuscaloosa County; and Hanover Fire Ins. Co. v. Street, 228 Ala. 677, 154 So. 816, cited by appellants, is not in point.

We now advert to the matter hereinabove mentioned appearing in the transcript which purports to have occurred October 22, 1954.

This extraneous matter appears to have been a hearing on a "motion to expunge judgment from record" presented to the trial judge October 13, 1954, more than five months after the judgment was rendered, and heard by that judge October 22, 1954. On this hearing, plaintiff and defendants were represented by their attorneys present before the court.

In his order overruling said motion to expunge, the trial judge stated:

"The Court further finds that this Court, on April 23, 1954, entered a judgment by default in this case in the amount of Two Thousand Dollars ($2,000.00) but no entry was then on the Docket sheet showing the filing of demurrer but the Court is now of the opinion based on the evidence taken on the Motion, that at the time said judgment by default was entered and rendered by this Court, said defendants were not in default, and that said demurrer having been duly and legally filed during the time provided for and required by law, on to wit April 12, 1954, and the same not having been overruled, passed on, or otherwise disposed of by this Court because the same was not called to the attention of the Court.

"The Court is, further now of the opinion and so finds that said demurrer was, from the date the same was filed on April 12, 1954 on file in the Circuit Clerks Office of Tuscaloosa, Alabama and that the entry and rendition of said judgment by default was erroneous.

"The Court is of the opinion, however, that the attorney for the Plaintiff did not know of the filing on the Demurrer and was not aware that said demurrer had been filed and was on file at the time said judgment by default was entered, and that Plaintiff's Attorney acted in perfect good [faith, sic] in taking said Default Judgment."

The judge found further, however, that more than thirty days had elapsed since the default judgment was entered and that the court did not have authority to set said judgment aside, having lost all control of the judgment after the expiration of thirty days from the rendition thereof.

The matters occurring October 22, 1954, form no part of the proceedings which resulted in the judgment appealed from and are not authorized by any statute or decision which we have found, or had brought to our attention. No appeal was taken from the order appearing in these later proceedings and rendition thereof is not assigned as error.

We are not to be understood as intimating that such order could be properly assigned as error or that the result here would be different if appellants had attempted to assign such error.

In Walker v. First Nat. Bank, 219 Ala. 444, 122 So. 682, and Crook v. Rainer Hardware Co., 210 Ala. 178, 97 So. 635, cited by appellants, default judgments were entered before thirty days after service had expired, and these cases are not in point.

Collier v. Crawford, Minor 100, cited by appellants, conflicts with later cases, Bryant v. Simpson, and McCollom v. Hogan, cited and discussed, supra.

In Tubb v. Madding, Minor 129, also cited by appellants, the case was tried by jury, and any inference of waiver of pleas was rebutted.

Two other cases cited by appellants were noted in the discussion in Lokey v. Ward, supra [228 Ala. 559, 561, 154 So. 804], as follows:

"In L[ouisville] & N. R. Co. v. Walker, 128 Ala. 368, 30 So. 738, and in White v. Whatley, 128 Ala. 524, 30 So. 738 (cited by appellant), plaintiff was held by the trial court to be in default for a refusal to plead further when he had on file replications and demurrers to various pleas. It does not appear that he was not present insisting on them. But being present, and with such pleading on file, he was not in default for not pleading further. Those cases, therefore, do not seem to affect our question."

Appellants argue that the execution of the writ of inquiry without a jury was erroneous because appellants were not in default. What has been already said will indicate our holding that the record shows appellants were in default. Therefore, un-

der § 260, Title 7, Code 1940, as amended, a jury was not necessary on ascertainment of damages.

The complaint is sufficient, the court had jurisdiction of the subject matter, and had acquired jurisdiction of the parties, and the judgment is complete and regular on its face. There is no bill of exceptions or transcript of the evidence in the record here, and no recital in the judgment, to rebut the inference that the demurrer was waived, withdrawn, or abandoned.

■ We are clear to the conclusion that the appellants cannot prevail on this appeal. More than four months having elapsed since the rendition of the judgment appealed from, appellants must seek such relief as they are entitled to have, if any, by bill in equity under the rules there obtaining.

To hold otherwise would require us to overturn long settled authorities.

While we may not concur in all that is said by Judge Collier in his dissenting opinion in Bryant v. Simpson, supra, for an apt expression of the reasons compelling us to this holding, we quote from that opinion as follows:

"* * * If it be a decision founded in error, it is better to permit *communis error facere begun*, than to unsettle the law, by disregarding it. I believe with Mr. Jenkins, that 'variety of judgments and novelty of opinions, are the two great plagues of a commonwealth.' The decisions of a tribunal of the last resort, should possess permanence and stability of character. They should not be disregarded by the Court that pronounced them, though they may not correctly ascertain the law, unless a greater inconvenience would result from an adherence to them. Next to correctness of decision, nothing is so well calculated to give character to the bench, as a regard for precedent and harmony in its judgments. * * *."

The judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.

### On Rehearing

Appellants earnestly argue that we erred in our original opinion because of failure to consider that the law was changed by the enactment in 1915 of what is now § 248, Title 7, Code 1940. Appellants state that our holding "may have been the law prior to 1915," but, "since the adoption of § 248 of Title 7" the record must affirmatively show that the defendant does waive or abandon his demurrer before he can be in default, and that the failure of the record so to show such waiver or abandonment of the demurrer constitutes reversible error.

McCord v. Harrison & Stringer, 207 Ala. 480, 481, 93 So. 428, 429, was decided in 1922. In that case, plaintiffs filed suit on the common counts on October 21, 1920. Defendant filed a plea in abatement on November 15, 1920. On January 24, 1921, the plaintiffs filed an additional count, and on that day judgment nil dicit was rendered for plaintiff.

On February 8, 1921, which was within thirty days after entry of the judgment nil dicit, defendant filed his motion to set aside said judgment on the grounds:

"* * * (1) That neither defendant nor his attorney had any notice or knowledge that a term of the circuit court of Talladega county would be held, or was being held, on the date that said judgment was rendered. (2, 3) That defendant had duly filed his plea in abatement (as shown above), and had not filed any other plea in the cause, and had not waived said plea in abatement, and the court was without jurisdiction to render said judgment. (4) That under the pleadings on file the court was without jurisdiction to render said judgment. * * *"

The motion to set aside said judgment was continued and later denied by the trial court on June 2, 1921.

Defendant appealed on the record and assigned as error the rendition of said judgment, the denial of the motion to set the same aside, the refusal of the trial court to consider said motion, and the ruling that it had abated. In affirming the judgment, this court said:

"It is well settled by the decisions of this court that, when a defendant pleads an affirmative plea, as to which he has the burden of proof, and fails to appear and sustain it, and the judgment entry recites that the defendant 'says nothing further in bar or preclusion of plaintiff's right to recover,' judgment may be rendered as though no plea were on file. McCollom v. Hogan, 1 Ala. 515; Dougherty v. Colquitt, 2 Ala. 337; McCoy v. Harrell, 40 Ala. 232; Home Protection, etc., v. Caldwell, 85 Ala. 607, 5 So. 338; Schwarz v. Oppenheimer, 90 Ala. 462, 8 So. 36; Hutchison v. Powell, 92 Ala. 619, 622, 9 So. 170; Brandon v. Leeds State Bank, 186 Ala. 519, 65 So. 341; Elyton Land Co. v. Morgan, 88 Ala. 434, 7 So. 249. In the instant case, the court heard testimony adduced by plaintiffs, and on that testimony adjudged that they were entitled to recover.

"Under the recitals of the judgment entry—in the absence, at least, of a bill of exceptions showing something to the contrary—*it must be conclusively presumed that the venue plea was waived by the defendant;* and, further, that, even if it were not waived, there was no evidence to sustain it. McCollom v. Hogan, 1 Ala. 515; Hutchison v. Powell, 92 Ala. 619, 622, 9 So. 170; and other cases, supra. *On the record before us,* we are bound to hold that the judgment in question was free from error." (Emphasis supplied.)

In the instant case, appellants' demurrer can stand on no higher ground than the plea in abatement in the McCord case, supra.

See, also, Dixie Coal Min. & Mfg. Co. v. Williams, 221 Ala. 331, 333, 128 So. 799, 800, a workmen's compensation case, decided in 1930, where it was said:

" * * * The judgment and finding show no ruling on the demurrer. It must, therefore, be treated as having been abandoned or waived. Southern Indemnity Ass'n v. Ridgway, 190 Ala. 334, 67 So. 446. This is not to be taken as a concession that the demurrer was well taken. * * *"

In O'Rear v. Kimbro, 227 Ala. 22, 23, 148 So. 435, 437, decided in 1933, the following appears:

" * * * We find, however, no ruling of the court upon the demurrer, and we are therefore at liberty to treat the same as having been waived or abandoned. Elyton Land Co. v. Morgan, 88 Ala. 434, 7 So. 249;" and other cases there cited.

We are of opinion that our holding is in accord with the law, both prior to and since 1915.

Other points urged by appellants were sufficiently treated in original opinion.

Application overruled.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.