184 So.2d 829

**John R. PERDUE**

**v.**

**Clodine SMITH.**

**4 Div. 182.**

Supreme Court of Alabama.

March 17, 1966.

Rehearing Denied April 15, 1966.

---

Allen Cook, Andalusia, for appellant.

Jas. M. Prestwood, Andalusia, for appellee.

COLEMAN, Justice.

Defendant appeals from an adverse judgment in action for personal injury sustained by plaintiff in automobile collision.

Plaintiff was riding in an automobile which was being driven on the driver's right-hand side of the road. Plaintiff's car was a short distance behind another car traveling in the same direction. We refer to this other car as the Crayton car. Defendant was traveling in the opposite direction, that is, defendant's car was meeting the Crayton car and plaintiff's car.

These three cars met at a point where there was a church on the plaintiff's left side of the road. There is testimony that the Crayton car turned left into the churchyard. Defendant testified that the driver of the Crayton car was giving a blinking signal for a left turn for about 25 or 30 feet before actually making the turn, and that defendant made a turn to his left to try to miss the Crayton car but "kind of glazed the right hand side of" the Crayton car. Defendant testified that "the impact must have thrown me back over and I hit the left hand side of" plaintiff's car.

The driver of plaintiff's car testified that defendant's car "came over on my side of the road and hit on the front of it"; and hit "Almost headon" on plaintiff's car.

Testimony for plaintiff is that defendant was "doing 65 or 70 at least," but defendant testified he "couldn't have been making over 25 or 30 miles an hour."

Plaintiff's head hit the windshield and broke it. Plaintiff suffered severe cuts on her forehead. She was hospitalized and spent about $1,400.00 for medicine, hospital, and doctors.

The complaint, as originally filed, named two defendants, to wit, appellant and the driver of the Crayton car. On page 9 of the transcript the following appears:

"On this May 15, 1963 on a regular date set for trial of this cause comes the plaintiff by her attorney, leave of the court first having been had strikes the defendant, Corine Bailey Crayton."

The record does not show any objection by appellant. Appellant states in brief:

" * * * at the time of preparation to strike the jury plaintiff announced orally that the case was being dismissed as to the defendant Crayton."

■ We will continue to refer to appellant as defendant. We will consider those assignments of error which defendant appears to argue in brief. Appellants would be helpful to this court and improve their chances of success if they would state clearly and precisely, in the argument portion of brief, the number and substance of each assignment of error in support of which appellants make the argument. When an appellant fails to do this, he assumes the risk that this court may not perceive that appellant is attempting to argue in support of a certain assignment of error and it may not be considered at all by this court.

■ Defendant assigns as error the refusal of his requested affirmative charge with hypothesis. He argues that "Appellant had the right of way," and "There was no excuse for the co-defendant (Appellee) Crayton to have cut in front of him." Under the testimony, it was for the jury to say whether defendant was negligent and the requested affirmative charge was refused without error.

A motion for continuance on account of the absence of a witness is addressed to the court's sound discretion. Alabama Great Southern R. Co. v. Bolton, 242 Ala. 562, 7 So.2d 296. We are of opinion that abuse of discretion in denying defendant's motion for continuance has not been shown here.

Defendant asserts error in permitting plaintiff to strike out Crayton as a defendant. Defendant argues that including Crayton as a defendant was merely a device to permit plaintiff to qualify the jury as to Crayton's insurer. We have not found in the record where the jury was qualified as to Crayton's insurer, or where Crayton was made defendant merely for this purpose. There is no merit in this assignment because the court is enjoined by statute to permit the striking out of parties defendant; § 239, Title 7, Code 1940; and also because defendant did not object or except or otherwise challenge the action of the court in permitting plaintiff to strike out the defendant Crayton. We do not suggest that any such challenge should have been sustained or that there was any error in allowing plaintiff to strike out Crayton.

The argument under Propositions 7, 8, and 9 is insufficient to present anything for review. Calvert v. Bynum, 255 Ala. 172, 174, 50 So.2d 731.

Plaintiff suffered severe facial injury. She spent a week in the hospital immediately after the injury and later spent five weeks in another hospital for psychiatric treatment. There is testimony that she was unable to return to work after a year and the doctor refused to say when she might become able to work. On consideration of all the evidence showing plaintiff's injury, we are not persuaded that we should set aside the verdict for $8,500.00 returned by the jury and approved by the court who had the advantage, which we do not have, of seeing and hearing the witnesses. The court did not err in denying that ground of the motion for new trial asserting that the verdict was excessive.

The argument as to Propositions 13 and 14 seems to be in support of Assignment 12, which complains that the "court erred in generally conducting the trial" so that race prejudice "would dominate the thinking of the jury." Such an assignment is indefinite and presents nothing for review.

"Rule 1, requiring assignments to be written upon the transcript concisely pointing out the errors relied on for a reversal, is in the nature of a rule of pleading and, in the appellate court, performs the same office in all material respects as the initial pleading in a court of original jurisdiction. Precision is of the essence of this rule of practice. Kinnon v. Louisville & N. R. Co., 187 Ala. 480, 481, 65 So. 397; . . .." Wetzel v. Hobbs, 249 Ala. 434, 31 So.2d 639.

We notice one other matter asserted by defendant. The judgment appealed from was rendered May 15, 1963. On August 6, 1963, defendant filed in the office of the clerk of the trial court a paper addressed to the plaintiff, notifying her that defendant would appeal from the judgment and would seek to have the appellate court reduce the judgment. The notice further requests plaintiff to file in the trial court a statement showing the amount of money plaintiff has received from Crayton or her insurer, or any plan or arrangement whereby plaintiff is to receive such money in the future. The record discloses no action by the trial court with respect to the notice or the asserted payments to plaintiff.

Regardless of whatever rights, if any, defendant may have as the result of any payment to plaintiff by Crayton or her insurer; see Williams v. Colquett, 272 Ala. 577, 133 So.2d 364; we are not persuaded that this record presents any error of the trial court in connection with such payment.

In Skelton v. Weaver, 266 Ala. 335, 96 So.2d 288, we held that the court did not err in rendering a judgment by default, although the record contained a demurrer

filed by defendant prior to the date of the default judgment. We held that in the absence of a ruling on the demurrer, it would be treated as having been waived or abandoned.

In the instant case, there is no ruling with respect to the notice filed by defendant on August 6, 1963. Whether such notice would require any action by the trial court we do not decide, but we do decide that because there is no ruling with respect to the notice, the notice will be treated as waived or abandoned and does not affect the judgment appealed from.

We are of opinion that reversible error has not been shown.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.