## MORROW v. RILEY.

1. R. & M., partners in a house of entertainment, called on a person to make out an account current from the books, in the presence of the parties, and agreed verbally, that they should settle by the balance found by him; and if they could not agree upon the balance found by him, then they should call in two other persons to adjust the matter, and the party against whom the balance should be found, should pay it to the other. One of the partners refused to abide by the agreement, but the other proceeded, and had the account stated. Upon this account he sued the other: Held, there could be no recovery, although proof was made that the account was correctly stated from the books.

Error to the County Court of Monroe. Before the Hon. Rufus C. Torrey, Judge.

ACTION of assumpsit, by defendant, against the plaintiff in error, on the money counts. By bill of exceptions, it appears, that the parties were partners, under the name and style of Riley & Morrow, in the Monroe Springs, and kept a house of entertainment. A witness proved, that he was called on by them, to make out an account current, from the books in the possession of the parties, and that there was a verbal agreement, that they should settle by the balance found by the witness, and if they could not agree upon the balance found by the witness, that they should call in two other persons, to adjust the matter, and that the party against whom the balance should be found, should pay it to the other. This agreement the defendant below did not conform to, but refused to attend, and by direction of the plaintiff, the account was made out and struck by the witness, and being sworn to as correct according to the books, was offered in evidence. The defendant objected to this account going as evidence to the jury, but the court overruled the objection, and he excepted. The defendant asked the court to charge the jury, that unless Morrow assented to the balance struck by the witness, after it was struck, he was not bound by it; which charge the court refused to give, but charged, that if

there was a previous agreement to submit the matter to arbitration, though verbal, the jury might find for the plaintiff, without any assent after the balance was struck by the witness.

To the ruling of the court, to the refusal to charge as asked, and to the charge given, the defendant excepted, and now assigns them severally as error.

T. & J. WILLIAMS, for plaintiff in error.

One partner connot sue his co-partner at law, even after dissolution, unless there has been a settlement of the partnership accounts, and balance struck—(Phillips v. Lockhart, 1 Ala. Rep. 521; Wray v. Milestone, 5 Meeson & Welsbey, 21, with the references at the end of the case; McColl v. Oliver, 1 Stew. R. 510)—and the balance on such settlement must be complete. Collyer on Part. 152, marg. reference to Tremont v. Coupland, 9 Bing. 170; 9 Moore, 319. And there must be an express promise to pay the balance. So say some cases. 9 Bing. 170. On this, see the cases collected at page 153, (corner,) Collyer, 2d Amer. ed. by Barbour. There could not be a settlement without a dissolution, and the record does not show any dissolution.

A. B. COOPER, contra.

The record discloses facts which raise the presumption that the copartnership had been determined and ended. The parties agree that Moore should state the account, which should be final and conclusive. A balance being struck between partners, suit may be maintained without an express promise. See Collyer on Copartnership, 242, sec. 278-9; 243, sec. 280-1, note 1; 5 Meeson & Welsbey, 24; 11 Pick. 81; 18 ib. 315; 8 Metc. 454-5. Partnership transactions may be abstracted from the partnership accounts. Collyer, 238, sec. 274.

COLLIER, C. J.—It does not appear from the record, that the partnership between the parties in the Monroe Springs and house of entertainment was dissolved, even at the time of the trial in the county court; but conceding that it was previous to the institution of the suit, and the question is,

whether there had been such an adjustment of the accounts, as authorised the plaintiff to recover in the present action the balance alleged to be due him ?    In  Phillips  v.  Lockhart, 1 Ala. Rep. 521, it was decided, that a party cannot maintain an action at law for money paid by him, on account of a partnership between himself and the defendant, although the partnership has been dissolved, and the money was paid after its dissolution : *Further*, " It is well settled that one partner cannot maintain an action at law against his former partner, even after a dissolution of the partnership, unless there be a settlement of accounts, a balance struck, and according to some authorities, an express promise to pay it." So in Grigsby v. Nance, 3 Ala. Rep. 347, we said, courts of law will not entertain suits for the recovery of money due form one party to another, by simple contract on the partnership account, because it would be useless for one partner to recover, what upon taking a general account amongst all parties, he might be liable to refund ; *frustra peterit quod mox restiturus esset.*

In the case at bar, Moore was requested by the parties, to make out an account current from their partnership books, and in their presence ;  by this account the parties undertook to settle, but if they could not agree, they were to call on two persons designated, to adjust the matter, and the party against whom the balance should be found, should pay it to the other.    The defendant when afterwards called on, refused to attend the accounts to be taken by Moore, but the latter at plaintiffs instance and in the absence of both parties, examined the books, made out an account current, and struck a balance.    For the balance thus ascertained this action is brought.

Now it is perfectly clear that the defendant did not undertake to admit in advance the account which Moore might state from the books as a correct exposition of the dealings between the parties.    Neither of them were to be bound by it.    This is indicated by the stipulation to submit the matter to the arbitrament of other persons, if they could not agree upon the balance thus struck.    It seems that they disagreed, and it does not appear that the referees ever acted in the business.    There is then no pretence for assuming that

a balance was so adjusted as to entitle the plaintiff to recover.

It is needless to examine, with particularity, the ruling of the county court, as it is strikingly opposed to the view we have taken, and the transaction in question, instead of being disconnected from, and independent of the partnership dealing, is intimately blended with, and essentially a part of them. We have but to add, that the judgment is reversed, and the cause remanded.