# Broda *v.* Greenwald.

*Bill in Equity for Injunction of Judgment at Law, and Settlement of Partnership Accounts.*

1. *Equitable relief against judgment at law, on ground of surprise, accident, mistake, or fraud.*—When a defendant in a judgment at law asks equitable relief against it, on the ground that he had a valid legal defense, and was prevented from successfully asserting it by surprise, accident, mistake or fraud, he must also negative all negligence or other fault on his own part; and the neglect, inattention, or mistaken advice of his attorney, is, in law, considered his own fault, and debars him from relief.

2. *Action at law between partners.*—One partner cannot maintain an action at law against the other, on any claim originating in their partnership dealings, until there has been a settlement of the partnership accounts, and a balance ascertained to be due from one to the other.

3. *Conclusiveness of judgment; re-statement of partnership accounts.*—On a statement of the partnership accounts by a third person, by agreement between the partners, a balance being ascertained to be due from one to the other, on which an action at law was brought, and a judgment recovered; the defendant in the judgment cannot maintain a bill in equity to surcharge and falsify the accounts as stated, unless he first shows good cause for setting aside the judgment.

APPEAL from the Chancery Court of Lee.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 18th June, 1878, by Jacob Broda, against Moses Greenwald; and sought a re-statement of the accounts of a late partnership existing between the parties, and an injunction of a judgment at law which the defendant had obtained against the complainant, for a balance ascertained to be due on a settlement of their accounts as stated by one Gassenheimer. The partnership between the parties, as the bill alleged, was formed on the 28th August, 1874, and continued until January, 1876, when it was dissolved by mutual consent, the defendant selling out

his interest in the business and stock of goods to one Marx. On the dissolution of the partnership, "a stated account between complainant and said defendant became necessary, and was taken, and said partnership was closed and settled." On this statement, "the stating of the account, and the calculations, were principally made by said defendant and Marx, and no original or copy was preserved, so far as complainant knows and believes ; and in the stating of said account, and striking a balance, the whole interest of said defendant in said firm was ascertained to be $1,951.89," which sum was then and there paid to him by complainant in full settlement of their partnership transactions. " A short time thereafter, defendant came into the store, and claimed that there was a mistake, and that something was due him. Complainant thereupon said to him, in substance, ' *There are the books, go and satisfy yourself.*' Said defendant, at one time, brought with him one Gassenheimer ; and after some little conversation, and a very superficial examination of the books, said Gassenheimer professed to find out a mistake as to the matter of the payment to complainant of the sum put into the firm by him, over and above that put in by the defendant, estimating the same at $97.50, or $100, to the effect that complainant ought not to have been paid by said firm one half of said overplus, or some such pretext. The matter so continued, until said Greenwald commenced suit against complainant, before J. H. Swearingen, notary public and justice of the peace, to recover $100 on account stated, under pretense that complainant had agreed to submit to, and to be bound by, such statement as the said Gassenheimer should make ; whereas complainant had made no such agreement. On Thursday, the 17th February, 1876, a judgment was rendered by said justice, for $100, besides costs ; from which judgment complainant prayed and obtained an appeal to the Circuit Court of said county, but the papers were not returned into said court until the 9th May, 1877, although notice was given said Greenwald when said appeal was taken."

As to the proceedings in the Circuit Court, and the grounds on which the complainant sought equitable relief against the judgment there rendered, the bill contained the following allegations : "On the 21st May, 1878, a judgment by default was rendered in said Circuit Court, in favor of said Greenwald, and against complainant and the sureties on his appeal bond, for $57.44, besides costs, upon the evidence of said Gassenheimer ; which judgment was rendered in the absence of your orator and his attorney. A few moments after the taking of said judgment, complainant informed the presiding judge that he had a good and substantial defense, and attor-

neys engaged to present and make good his defense; and then went immediately to the residence of his resident attorney, who was at home, sick, and unable to attend to business properly. On the same day, or the next day, affidavit for a new trial was made by complainant, and subsequently an affidavit of his attorney, and a motion entered asking the court to set aside said judgment, and to reinstate the cause on the docket, on divers grounds therein set forth. The presiding judge refused to grant said motion, otherwise than by requiring your orator to pay all the costs of the cause, and to pay $5.00 to plaintiff's attorney within ten days, and to admit as evidence, upon another trial, that said Greenwald, who was said to reside in New York, would swear the same as said Gassenheimer had sworn, as more fully shown by the said judgment, motion, and proceedings thereon," &c. "Complainant declined to accept the new trial upon the conditions imposed, for reasons shown in this bill. Complainant states, that said judgment in said Circuit Court was without any negligence or default on his part, and as is set forth in effect in said affidavits on file in said court; that he engaged Mr. Lindsey, an attorney learned in the law, to defend him before the justice's court, and was present, with his said attorney, when said judgment was rendered against him by said justice; that his said attorney advised him to take said appeal, and was never discharged by him, and he had a right to expect and did expect his services in said cause in the Circuit Court. In May, 1877, your orator engaged the services of Geo. W. Gunn, another attorney, to aid in conducting his defense in said court, who promised faithfully so to do; and during the term of the court at which said judgment was rendered, and before its rendition, he called the attention of his said attorney last engaged, two or three different times, to said cause. Said Gunn had been sick—in fact, very ill—since about the 20th March, and unable to attend to business, though able to walk about, and go to the court-house; and he promised to attend to the same, and said that his state of health would not admit of his trying said cause, but that he was informed and believed that, on account of his sickness, his cases were or would be continued, and it was so understood orally. Complainant verily believed that his said attorney had entered his name in defense of said cause, and had done whatever was necessary to secure his defense, and a continuance of said cause; in consequence of which, your orator did not deem it necessary to attend court in person. The complaint in said cause, as shown by the clerk's indorsement, was not filed until the day on which said judgment was rendered; and,

from said Gunn's sickness, his name was not entered in defense." The bill further alleged, that said judgment was unjust; that complainant had already overpaid said Greenwald, on account of his interest in said partnership, specifying the particular errors in the account as stated between them; that Greenwald was a non-resident, and was insolvent; and that complainant had never assented to be bound by any statement of the accounts by Gassenheimer. He further prayed a re-statement of the partnership accounts, an injunction of the judgment at law, and general relief.

The chancellor sustained a demurrer to the bill, and dismissed it for want of equity; and his decree is now assigned as error.

GEO. W. GUNN, W. J. SAMFORD, JNO. M. CHILTON, and J. C. MEADORS, for appellant.

W. H. BARNES & SON, contra.

STONE, J.—When appeal is made to the Chancery Court, by a defendant in a judgment at law, to be relieved therefrom, on the ground that he had a valid legal defense to the claim, he must show not only that he had such defense, and was prevented from making it by surprise, accident, mistake or fraud, but he must, in addition to that, show that the prevention was without fault on his part. If he lost the opportunity of making his defense, by the neglect, inattention or mistaken counsel of his own attorney, without any fraud or unfairness of the adverse party, it is, in law, as between him and the adverse party, the same thing as if he had lost it by his own neglect, inattention, or fault.—*Ex parte Walker*, 54 Ala. 577; *Howell v. Motes, Ib.* 1; *Walker v. Tyson*, 52 Ala. 593; *McBroom v. Sommerville*, 2 Stew. 515; *Pharr v. Reynolds*, 3 Ala. 521; *Stinnett v. Br. Bank*, 9 Ala. 120; *Shields v. Burns*, 31 Ala. 535; *Ex parte North*, 49 Ala. 385; 1 Brick. Dig. 666, § 376. As a bill to obtain a re-trial of the matters of defense set up against the account stated, on which the judgment at law was recovered, the averments of excuse for failing to defend are fatally defective.

The bill avers, that complainant and defendant had been partners in merchandise; that they dissolved by Greenwald selling his interest to another; that a statement of accounts was made, showing a specified sum of money due from Broda to Greenwald, which was paid by the former to the latter; that subsequently Greenwald claimed there had been an error in the settlement, to his prejudice; that he brought one Gassenheimer with him, and the two made some exam-

ination of the books, whereupon both Greenwald and Gassenheimer claimed that about one hundred dollars was due from complainant to Greenwald. This alleged unpaid balance was the foundation of the suit and recovery, first, before the justice, and afterwards in the Circuit Court. The bill then proceeds to state, that Greenwald pretended and claimed there had been an agreement between complainant and himself that the matter of account and settlement should be referred to Gassenheimer, and that they would settle according to his calculations and conclusion. Complainant denied making such agreement; denied the correctness of Gassenheimer's calculations; denied that he owed Greenwald anything, and set forth several alleged errors in the account, which, he charges, show that he overpaid Greenwald, and brought the latter in debt to him.

It is settled law, that one partner cannot sue the other at law, on any claim originating in their partnership dealings, unless there has been a settlement of partnership accounts, and an ascertained balance due from one to the other.—2 Brick. Dig. 309, §§ 138, 143; *Morrow v. Riley*, 15 Ala. 710. The only theory, on which the suit and recovery at law could be maintained, was, and is, that there had been such settlement, and balance ascertained. That theory, when applied to this case, implies and means, that Broda and Greenwald had agreed to leave the re-statement of the account to Gassenheimer, and that he had re-stated it, and ascertained a balance due to Greenwald. These facts had to be shown by Greenwald, to maintain his action, and without them he had no standing in a court of law. The judgment he recovered must be treated as establishing these facts, as against Broda. That judgment stands, and, as we have shown above, cannot be set aside, or avoided, in this proceeding. It being thus shown that, for the purposes of this suit, Broda and Greenwald did agree that Gassenheimer should restate the account and settlement between them, and they would abide by the result, each is bound by it, and will not be heard to gainsay it, while that judgment stands. The present bill, to surcharge and falsify the account, cannot be maintained, unless the judgment could be first set aside.

Affirmed.