# Louisville & Nashville R. R. Co. v. Britton.

### *Failure to Deliver Freight.*

(Decided June 30, 1909.    50 South. 350.)

*Appeal and Error; Evidence; Objections; Scope.*—To render objections to documentary evidence, part of which is admissible and part not admissible available on appeal, the objection should go not to the introduction as a whole, but to the introduction of the inadmissible part.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by E. H. Britton, against the Louisville & Nashville Railroad Company, for failure to deliver certain freight. Judgment for plaintiff and defendant appeals. Affirmed.

GREGORY L. H. & H. T. SMITH, for appellant.—The defendant was clearly entitled to the affirmative charge as no authority was shown on the part of Johnson to receive the goods.—*L. & N. v. Britton,* 39 South. 586; *Bolling v. Kirby,* 90 Ala. 222; *Butler v. Jones,* 80 Ala. 436. The 1st charge given for the plaintiff was erroneous in many particulars.—*Myer v. Schulzbacher,* 76 Ala. 128; *Tyron v. Flournoy,* 80 Ala. 325; *Knowles v. Street,* 87 Ala. 360. The 2nd charge is also erroneous. The court erred in allowing plaintiff to introduce his own letters. —108 Ala. 132; 134 Ala. 238; 96 Ala. 417.

ERVIN & McALEER, for appellee.—The cause should be affirmed on the authority of the former appeal found in 43 South. 108 and 39 South. 585.

MAYFIELD, J.—This is the third appeal in this case. See opinions on other appeals, 149 Ala. 552, 43 South. 108; 145 Ala. 654, 39 South. 585. Some of the questions

raised were decided on former appeal. As to these ques-
tions it is sufficient here to say that we have examined
the opinions in the former cases and find no sufficient
reason to change our decisions.

There can be no doubt that there was evidence tend-
ing to connect the case of slippers, the subject of this
suit, with the case of shoes referred to in letters and
other written documents, to the admissibility of which
objections were made, and assignments of error are urg-
ed. All the documents were sufficiently identified, and
sufficiently connected with the subject-matter and with
the parties to this action, to be admissible in evidence.
While all parts of the letters and other documentary
evidence were not admissible, some parts of each were;
and to render exceptions to such documentary evidence
available on appeal the objection should go, not to the
introduction of the whole, but to the admission of those
parts not relevant. These letters offered in evidence,
and the freight bill, were considered separately on form-
er appeals; and, applying the law as heretofore announc-
ed to the facts in this case as shown by the record, we
hold that they were properly admitted in evidence.

The two charges given at the request of appellee in-
volve no question of law not heretofore passed upon.
We now hold that they are good—or, at least, that there
was no reversible error in the giving of them.

There was sufficient evidence to support the verdict
of the jury.

We have examined each assignment of error separate-
ly and carefully, notwithstanding some of the questions
have been twice passed upon by this court before. We
find no error, and the judgment of the lower court must
be affirmed.

Affirmed.

SIMPSON, ANDERSON, DENSON, MCCLELLAN, and SAYRE.
JJ., concur.