## CROOK v. RAINER HARDWARE CO.
### (4 Div. 82.)

(Supreme Court of Alabama.    Oct. 11, 1923.)

1. **Judgment** &#9734;⟶101(1)—Default judgment reversed for failure to state names of individual partners, plaintiff.

Where the complaint, summons, and record show plaintiff to be a partnership, without giving the names of the partners, default judgment for plaintiff must be reversed.

2. **Judgment** &#9734;⟶119—Rendition by default prior to expiration of statutory time to answer or demur held reversible error.

Under Code 1907, § 5346, as amended Gen. Acts 1915, p. 825, allowing defendant 30 days after service of process to plead, answer, or demur, a default judgment rendered 25 days after such service is reversible error.

Appeal from Circuit Court, Bullock County; J. S. Williams, Judge.

Action by the Rainer Hardware Company against Rachael Crook. From a judgment for the plaintiff, defendant appeals. Transferred from Court of Appeals under section 6. Acts 1911, p. 450. Reversed and remanded.

J. D. Norman, of Union Springs, for appellant.

It is error to render judgment by default in an action by a partnership, where the names of the partners are not set out in the summons or complaint. Simmons v. Titche, 102 Ala. 317, 14 South. 786; I. C. R. Co. v. Kilgore, 12 Ala. App. 361, 67 South. 707. The record must affirmatively show 'that process was duly served the required length of time before default was taken. Lawrence v. Stone, 160 Ala. 382, 49 South. 376, 135 Am. St. Rep. 105; Code 1907, § 5346; Ivey v. Perry, 97 Ala. 583, 12 South. 65.

Blue & Blue, of Union Springs, for appellee.

No brief reached the Reporter.

MILLER, J.    This suit was commenced by Rainer Hardware Company, a partnership, against Rachael Crook for $149.88 due on account with interest.

The defendant made no appearance, filed no pleas, and the court rendered judgment by default in favor of the plaintiff, appellee, and against the defendant for $175.20. The

defendant prosecutes this appeal from that judgment. There is no bill of exceptions. The appeal is on the record proper.

[1] It affirmatively appears from the record that the plaintiff is a partnership, but in no place in the summons, complaint, or record do the names of the individuals composing the partnership appear. It is reversible error for a judgment by default to be rendered by the court in the name of a partnership, without the names of the parties being set out. This is a default judgment, rendered in the name of a partnership, and the names of the partners do not appear in the record. The complaint is headed "Rainer Hardware Company, a partnership, plaintiffs versus Rachael Crook, defendant," clearly indicating the plaintiff is a partnership, without giving the names of the partners. The summons states the names of the parties just like the complaint; and they are stated the same way in the judgment. This error will reverse the judgment. Moore v. Burns, 60 Ala. 269; Simmons v. Titche, 102 Ala. 317, 14 South. 786; Greer & Walker v. Liipfert Co., 156 Ala. 572, 47 South. 307; Foreman v. Weil, 98 Ala. 495, 12 South. 815.

[2] It affirmatively appears in the record that the sheriff executed the summons and complaint by leaving a copy of each with the defendant, Rachael Crook, on October 20, 1922. The court on November 14, 1922, rendered the judgment by default. This judgment was prematurely rendered; it was unauthorized at that time, and it must be reversed on appeal. The defendant was not in default until 30 days after service was perfected on him as required by the statute, when the summons or other process has been executed on the defendant as required by law, either in term time or in vacation, the defendant shall appear and plead, answer or demur thereto within 30 days, or be in default, and on motion of the plaintiff judgment by default may be rendered against him. Section 5346, Code 1907, as amended Gen. Acts 1915, p. 825.

This judgment by default was rendered before the expiration of the 30 days allowed the defendant to plead or demur to the complaint. He was not in default when the judgment by default was entered. The error is manifest, for which the judgment must be reversed. Lawrence v. Stone, 160 Ala. 382, 49 South. 376, 135 Am. St. Rep. 105; Ivey v. Perry, 97 Ala. 583, 12 South. 65; section 5346, Code 1907, as amended Gen. Acts 1915, p. 825.

For the errors mentioned, the judgment is reversed.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.