(101 So. 887)

## DAVENPORT et al. v. WITT.  (7 Div. 504.)

(Supreme Court of Alabama.   Oct. 30, 1924.)

**1. Pleading ☞63 — Complaint in Code form held not demurrable.**

Complaint in action against executors on common counts in form prescribed by Code 1907, § 5382, *held* not demurrable.

**2. Trial ☞253(3)—Where there was evidence of settlement of partnership affairs, refusal of instructions precluding recovery for lack of such settlement held proper.**

Where there was evidence in action by partner against executors of deceased partner that there had been a settlement of partnership affairs, instructions precluding recovery on theory that there had been no such settlement were properly denied.

**3. Partnership ☞108—Partner may not sue copartner before settlement, in which case assumpsit will lie for amount shown due by settlement.**

Partner, even after dissolution, cannot sue copartner, unless there has·been settlement of partnership account and balance struck, in which case assumpsit will lie for amount ascertained to be due.

**4. Partnership ☞108—Mere statement from partnership books is not settlement sufficient to sustain action by one partner against another.**

Mere statement from partnership books will not suffice, as settlement of partnership affairs, to sustain suit by one partner against another.

**5. Executors and administrators ☞124—Rejection or allowance of claim by one of two or more personal representatives is binding on estate.**

As general rule, allowance or rejection of claim against estate by one of two or more personal representatives is binding on estate.

**6. Time ☞9(1)—Claim against estate held filed within statutory time.**

Where letters testamentary were issued on January 18, 1921, claim filed on January 18, 1922, *held* filed within 12 months, as required by Code 1907, § 2590.

**7. Partnership ☞258(8)—In suit against copartner's executors, check by one executor admissible to show allowance by him of claim.**

In action by partner against executors of copartner on claim growing out of alleged settlement of partnership affairs, check given by one of executors, purporting to be in payment, *held* admissible as evidence of allowance of claim.

**8. Trial ☞85—Admission of page from account book containing some admissible items held not error, where objection·was to whole.**

Admission of page from account book *held* not error, where only objection thereto related to entire page containing some items, to correctness of which witness making them testified.

**9. Evidence ☞376(1)—Evidence of· mailing of copies of entries in account held· properly admitted in absence of evidence of intention without objection.**

Where page of account book admitted in evidence showed entries of sums consolidated from smaller items, it was not error to admit evidence that at time such entries were made copies were mailed to defendants, notwithstanding no evidence of retention without objection, which might have been treated as implied admission, was offered.

**10. Executors and administrators ☞453(2)—Judgment held not objectionable as purporting to be against executors personally.**

Judgment in action against executors as such *held* not objectionable as purporting to be against them personally, where caption, pleadings, and process, when read in connection with body of judgment, showed otherwise.

Appeal from ·Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action on the common counts by L. W. Witt against E. C. Davenport and others as executors of the estate of E. A. Cook, deceased. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under section 6, page 449, Acts 1911. Affirmed.

The caption to the·judgment entry is "L. W. Witt v. E. C. Davenport, J. C. Davenport, and T. C. Davenport, as Executors of the Estate of E. A. Cook, deceased." The judgment recites: "It is therefore considered and adjudged by the court that the plaintiff have and recover of the defendants judgment for the sum of one hundred ninety and $90/100$ dollars, the damages so assessed by the jury, together with all costs in this behalf expended, for which let·execution issue."

Hugh Reed, of Center, for appellants.

One partner cannot sue his copartner, unless there has been a settlement. Philips v. Lockhart, 1 Ala. 521.  A mere statement from the partnership books will not suffice. Morrow v. Riley, 15 Ala. 710; Broda v. Greenwald, 66· Ala. 538; Haynes v. Short, 88 Ala. 566, 7 So. 157. The claim must have been presented within 12 months.   Code 1907, §§ 2590, 2593. The check given by one of the defendants was improperly admitted in evidence. Code 1907, § 2593; Carpenter & Co. v. Naftel, 203 Ala. 487, 83 So. 471; Smith v. Nixon, 205 Ala. 223, 87 So. 326. Only a book of original entry is admissible in evidence.   Code 1907, § 4003; Bolling v. Fannin, 97 Ala. 619, 12 So. 59; Brown v. Grayson, 17 Ala. App. 463, 86 So. 121; Love-

———————

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

man, etc., v. McQueen, 203 Ala. 280, 82 So. 530; Garnett v. Pierce, 204 Ala. 186, 85 So. 510. There was error in the judgment; it should have been against the defendants as executors. Spigener v. Farquhar, 82 Ala. 559.

Motley & Motley, of Gadsden, for appellee.

Where partnership has been dissolved, and a balance struck and agreed upon, assumpsit will lie. 30 Cyc. 469; Pope v. Randolph, 13 Ala. 214. To render objection to documentary evidence, part of which is admissible and part not admissible, available on appeal, the objection should go to the inadmissible part. L. & N. v. Britton, 163 Ala. 168, 50 So. 350; 3 C. J. 818. The persons who are defendants must be ascertained by reference to the pleading, process, etc. Bolling v. Speller, 96 Ala. 269, 11 So. 300; Flack v. Andrews, 86 Ala. 395, 5 So. 452.

SAYRE, J. [1-3] We can see no merit in that assignment of error taking the point that defendants' demurrer to the several counts of the complaint should have been sustained. The action, both its original and final shape—an intervening amendment having been withdrawn—was against defendants, appellants, as executors, etc., and, as for the rest, was in Code form. Code, § 5382, p. 1195.

The claim in dispute arose out of the operation of a telephone line from Cedar Bluff, in Cherokee county, to Rome, Ga. Plaintiff, defendants' testator, and others owned the line jointly. By agreement plaintiff operated the line, was to keep it in repair, and pay for its connection with the switch board of the Southern Bell Company at Rome. Defendants' testator and the other joint owners were to pay tolls for messages, as did outsiders. Defendants insisted that there could be no recovery in this action at law for the reason that there had been no settlement of the partnership affairs, and requested several special charges asserting this proposition in different forms. These charges were refused upon the idea that there was evidence tending to show a settlement of the partnership affairs between the partners, that is, between plaintiff and defendant executors a balance struck, and an acknowledgment by defendants, as executors, of the indebtedness of the estate in agreement therewith. There was such evidence, though the matter was in dispute, and the court correctly refused the charges referred to. One partner cannot sue his copartner at law, even after a dissolution, unless there has been a settlement of the partnership accounts and a balance struck (Broda v. Greenwald, 66 Ala. 542), but, when a partnership has been dissolved, and upon settlement a balance found due to one of the partners, assumpsit will lie for the amount so ascertained. Pope v. Randolph, 13 Ala. 214.

[4, 5] And so in substance the trial court told the jury in that part of the oral charge to which exception was reserved. It is true that a mere statement from the partnership books will not suffice to sustain a suit by one partner against another (Morrow v Riley, 15 Ala. 710); but here there was evidence tending to show a balance struck between plaintiff and the two active executors, and a promise by one of defendants, as executor, to pay accordingly, that is, there was proof of a balance struck in agreement with the book of account kept by plaintiff, evidence besides tending to support the correctness of the items of the account in part at least, and, as we have said, a promise by one of the defendants, as executor, to pay, by which we intend to say that the jury were authorized so to find because there was evidence tending to the effect that, upon balance struck, one of defendants drew a check payable to Cedar Bluff Local Telephone Company, meaning plaintiff, who, besides his interest in the line to Rome, individually owned and operated a local telephone exchange at Cedar Bluff, to which also testator was indebted, such indebtedness being included in the amount of the ascertained balance, said check bearing this notation, "This check given in payment of telephone acct. Estate." The general rule is that the allowance or rejection of a claim against the estate by one of two or more personal representatives is binding upon the estate. 24 C. J. p. 373, § 1038. In this connection see Scruggs v. Driver's Executors, 31 Ala. 274; Hinson v. Williamson, 74 Ala. 195.

[6, 7] The statute of nonclaim was pleaded; but the evidence showed without contradiction that letters testamentary were issued to defendants January 18, 1921, and that the claim in suit was filed and docketed in the probate court of Cherokee county January 18, 1922. This was within 12 months, as required by section 2590 of the Code of 1907. Rice v. Beavers, 196 Ala. 355, 71 So. 659. On the considerations stated above we hold that the check given by one of the executors was properly admitted in evidence.

[8] The court, over defendants' objection, admitted in evidence a page from a book of account purporting to show the state of the account between plaintiff and defendants' testator, the entries in which had been made by plaintiff's wife, who kept his accounts and testified to the correctness of the items shown, except the first, which appeared in words and figures as follows: "To bal. O L–89, 133.37." Plaintiff's old ledger, from which the first item had been transferred as a statement, it seems, of the total of whatever items of debit there appeared, had been burned. We need not pronounce upon the admissibility of the entry noted above, for the reason that the objection was directed

against the entire sheet, and was insufficient to put the court in error, since the other items shown were properly admissible in connection with the testimony of the bookkeeper. L. & N. R. R. Co. v. Britton, 163 Ala. 168, 50 So. 350, and cases cited to 3 C. J. p. 818, § 732, note 23; Bolling v. Fannin, 97 Ala. 619, 12 So. 59.

[9] Some of the entries on the page of the book admitted in evidence showed sums consolidated from smaller items, viz., long distance calls to Rome and Center. Plaintiff was properly permitted to show that copies of these entries when made were mailed to defendants' testator. This evidence was competent and relevant as going a part of the way at least in proof of the account. If such statements were rendered to testator, and by him kept without objection to their correctness for such a length of time as to raise the presumption that objection would have been made if any ground therefor existed, his silence might have been treated by the jury as an implied admission of the justness of the account; the inference of correctness being more or less strong, according to the attendant circumstances. Hirschfelder v. Levy, 69 Ala. 353; Rice v. Schloss, 90 Ala. 419, 7 So. 802. It may be that plaintiff should have gone further and showed retention of the statements without objection; but this did not render the evidence inadmissible, nor did its insufficiency for the purpose in view—its immateriality —appear at the time of the motion to exclude which followed immediately upon the ruling in favor of admissibility, nor was objection made that this evidence as it stood was ineffectual to prove anything.

[10] Finally, it is suggested in argument that the judgment rendered purports to be a judgment against defendants personally and not as executors. But the caption of the judgment, the pleadings, and process, when read in connection with the body of the judgment, as they should be, show that the judgment undertakes only to bind defendants in their representative capacity. Bolling v. Speller, 96 Ala. 269, 11 So. 300.

There is no reversible error.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.