(122 So. 682)

**WALKER v. FIRST NAT. BANK OF FAIRFIELD.**   (6 Div. 282.)

Supreme Court of Alabama.   May 30, 1929.

J. Ellis Brown, of Birmingham, and Ross, Bumgardner, Ross & Ross, of Bessemer, for appellant.

(122 So. 411)

## NORWOOD HOSPITAL v. BROWN.
### (6 Div. 186.)

Supreme Court of Alabama.   May 9, 1929.

Rehearing Denied May 30, 1929.

G. P. Benton, of Fairfield, for appellee.

FOSTER, J. ■ This is an appeal from a default judgment, claiming that it was prematurely entered. Service of process was had on defendant, as shown by the sheriff's return dated September 11, 1928. The judgment was rendered October 11, 1928. Defendant was required by section 9486 of the Code to appear and plead, answer, or demur *within 30 days.* Section 13 provides that the time *within which* any act required to be done must be computed by excluding the first day and *including the last.*

In the case of Caravella v. Bernheim Distilling Co., 13 Ala. App. 458, 69 So. 241, the situation involved the same principle as that presented on this appeal. There service was had October 2d. That month has 31 days. Applying this rule, that last day for pleading was November 1st. That day being Sunday, the last day was extended to November 2d, the day on which judgment was rendered. The court held that as defendant had the entire day of November 2d to plead, a judgment should not have been entered until that day had expired. In the instant case, as September has 30 days, defendant could have filed his plea at any time until *after* October 11th had expired. Therefore the judgment on October 11th was premature and erroneous. Rice v. Beavers, 196 Ala. 355, 71 So. 659; Bowe v. Pierson, 206 Ala. 250, 89 So. 711; Davenport v. Witt, 212 Ala. 114, 101 So. 887.

■ If a judgment by default is prematurely rendered as shown by the record, it must be reversed on appeal. Crook v. Rainer Hardware Co., 210 Ala. 179, 97 So. 635; Caravella v. Bernheim Distilling Co., supra. It is not therefore necessary to treat the other assignments of error.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.