Brick Co. v. Bessemer Engineering & Construction Co., 224 Ala. 494, 140 So. 573, where it is held that evidence of a custom cannot be received to alter, contradict, or vary the express terms of a contract.

In Corpus Juris it is said, on cited authority, that: "Valid custom and usage concerning the subject matter of a contract of which the parties are chargeable with knowledge, are by implication incorporated therein, unless expressly or impliedly excluded by its terms, and are admissible to aid in its interpretation, not as tending in any respect or manner to contradict, add to, take from, or vary the contract, but upon the theory that the usage forms a part of the contract. But evidence of usage is not admissible to vary or contradict the terms of a plain, unambiguous contract." 17 Corpus Juris, 492 (58). The contract here is plain and unambiguous, and custom of the defendant to settle admitted claims other than as stipulated would not constitute a waiver of its right to stand on the written terms of the contract plainly expressed.

The judgment is affirmed.

Affirmed.

BRICKEN, Presiding Judge.

Appellee brought suit against appellant, in the court below, on certain promissory notes, the complaint consisting of three counts. The record shows that service of the summons and complaint was had on defendant on February 10, 1936, and that judgment by default was rendered for the amount sued for against appellant on the 29th day thereafter. From said judgment this appeal was taken, and is here rested upon three assignments of errors, each of the same import, and to the effect that the judgment from which this appeal was taken was prematurely rendered. The assignment of errors are sustained. If a judgment by default is prematurely rendered, as affirmatively appears in this record, it must be reversed. This has been repeatedly held, but we deem it unnecessary to cite other than the following decisions which are exactly in point. Walker v. First National Bank of Fairfield, 219 Ala. 444, 122 So. 682; Crook v. Rainer Hardware Co., 210 Ala. 178, 179, 97 So. 635.

Further discussion need not be indulged.

Reversed and remanded.

170 So. 351

## MIDDLEBROOKS v. EVANS.

### 2 Div. 607.

Court of Appeals of Alabama.

Oct. 27, 1936.

Reynolds & Reynolds, of Clanton, for appellant.

Frank Gordon, of Marion, for appellee.

170 So. 352

## CHANDLER v. STATE.

### 6 Div. 3.

Court of Appeals of Alabama.

Oct. 27, 1936.

