MAIN, Justice.
Christina Beck ("the mother") appeals from a default judgment entered against her and in favor of Jason Beck, as father and next friend of Eli Cameron Beck, a deceased minor ("the father").[1] The mother contends, in part, that the default judgment was premature in that it was, she says, entered before her time to answer the complaint had expired. The father concedes that the default judgment was premature and stipulates that the default judgment should be set aside and the case remanded for further proceedings.
Based on the record before us and the stipulation of the parties, the default judgment is due to be set aside. See Walker v. First Nat'l Bank of Fairfield, 219 Ala. 444, 445, 122 So. 682, 682 (1929) ("If a judgment by default is prematurely rendered as shown by the record, it must be reversed on appeal."). Accordingly, the judgment of the Limestone Circuit Court is reversed and the case remanded for further proceedings consistent with this opinion. We pretermit discussion of all other issues raised on appeal.
REVERSED AND REMANDED.
Stuart, C.J., and Parker, Bryan, and Mendheim, JJ., concur.

The mother filed a motion to set aside the default judgment; that motion was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P.